Lawrence, J.
Without discussing all the questions which are considered in the elaborate briefs pre-. sen ted by counsel in this case, I deem it sufficient to say that it appears to me to be the absolute duty of the transfer agent in this State, of any moneyed or other corporation existing beyond the jurisdiction of the State to exhibit at all reasonable times during the usual hours of transacting business, to any stockholder of such foreign corporation, when required by him, the transfer-book of such foreign corporation and also a list of the stockholders thereof, if in their power so to do (see Laws of 1842, ch. 165).
*327 In this case the respondent, Mr. Tows, denies that prior to the commencement of this proceeding the relator demanded that he should exhibit to the relator the transfer-book of the corporation, and also a list of the stockholders. He also avers that on the occasion referred to by the relator, said relator asked him to exhibit, not the transfer-books of the company but the stock-book. Mr. Tows also avers that the company has no book known as the stock-book, but has a stock-ledger, which is wholly different from, a transfer-book, and he alleges in substance that there was not at the time of the relator’s demand any list of the stockholders of said company.
These denials and averments raise issues upon questions of fact which cannot be disposed of on affidavits. If it be true that, at the time of the relator’s demand, there was not in existence any list of stockholders of said company, it would appear that it was not in the power of Tows to furnish such a list; and if it be true that the relator demanded the stock-book of the company, and not the transfer-book of the company, he did not bring himself within the provisions of the statute.
The order to show cause was g’ranted before the letter of February 16, 1884, read on the part of the relator, was delivered to the respondent, and so far as the demand depends upon that letter, it cannot be regarded. The assertion in that letter that a proper prior demand had been made on February 8, is met by the denial of Tows, contained in the affidavit which I have already adverted to. With those questions of fact existing in the case, I do not see how I can direct a peremptory mandamus to issue ; but if the parties desire to try the question of fact, 1 will grant an alternative writ (see Wood on Mandamus, 59, and cases cited; 2 Crary Special Pro. 64, and cases cited; Moses on Mandamus, 205 ; Id. 18,176).