# PEOPLE *ex rel.* HARRIMAN *v.* PATON.

*N. Y. Supreme Court, First District, Chambers;*
*January,* 1887.

1. *Deposition for use on motion; party.*]   Under Code Civ. Pro., § 885,— authorizing the court to appoint a referee to take the deposition of a person, not a party, for use upon a motion,—a relator in a proceeding for a mandamus is a party within the meaning of that section, and his deposition cannot be taken thereunder.

2. *The same; special proceeding.*]   *It seems,* that Code Civ. Pro. § 885, does not authorize the taking of a deposition in a special proceeding, but refers only to proceedings which arise in an action or are incidental thereto.*

3. *The same; mandamus to corporation to exhibit stock-book.*]   In a proceeding for a mandamus to compel a corporation and its officers to exhibit the stock-book to the relator, a stockholder, it is immaterial

---

* See Davies *v.* Davies, *ante,* p. 170, and cases cited in foot-note.

whether the transfer of stock to the relator was merely colorable or whether any consideration was paid therefor, or what was the occasion of the transfer.

Application by defendants for an order to take the affidavit of one the relators, Edward H. Harriman, for use upon a motion for a peremptory mandamus to compel the defendants to exhibit to the relators the transfer-book of the Dubuque & Sioux City Railroad Company and a list of the stockholders thereof.

This application for a reference to take the deposition of the said relator was made upon an affidavit setting forth the nature of the proceeding, and that the defense which the defendants intended to make upon the hearing of the motion for a mandamus was "that the said relators are not in fact the owners of said shares of stock in said Dubuque & Sioux City Railroad Company, nor are they the real parties in interest in this proceeding, but another foreign corporation, the Illinois Central Railroad Company, which is seeking to acquire control of the said Dubuque & Sioux City Railroad Company and use that control for the benefit of itself and to the injury of the other stockholders of the said company, and the Illinois Central Railroad Company is the owner of such stock and the real party in interest;" and that, for the purpose of opposing the motion upon these grounds, it was necessary for defendants to have the affidavit of the relator "in order to show that the relators are not in fact as claimed in the petition, the owner of any of the stock" of the Dubuque R. R. Co.

*John E. Parsons*, for the defendants and the motion.

*Seward, Da Costa & Guthrie*, for the relator, opposed.

LAWRENCE, J.—This motion must be denied, on the following grounds:

First. Section 885 of the Code of Civil Procedure provides that the affidavit or deposition sought for should be that of a person not a party. It is apparent from the petition of Edward H. Harriman, that he is a party to this proceeding, being with his copartner and co-petitioner the owner of the shares of stock of the Dubuque and Sioux City Railroad Corporation referred to in the petition. The relief sought for by the petition is merely for the protection of private rights, and the relators must show in such case,—and they do *prima facie* show, by their petition in this case,—a personal and special interest, and they are to be regarded in such cases as the real parties in interest (See *High on Extra. Leg. Rem.* 2 ed. § 431, p. 304, cited by the relators' counsel; Sheridan *v.* Mayor, &c., 68 *N. Y.* 30 ; Ervin *v.* Oregon Ry. Nav. Co., 35 *Hun,* 534).

Second. I do not think that the demand which was made upon the relator was sufficiently specific, as to the affidavit which the respondents required the relator to make.

Third. The relators distinctly swear that they are the owners of the certificates of the stock, specified in their petition, and it would seem, under the decision of the court of appeals in Sheridan *v.* Mayor, &c. of N. Y. (68 *N. Y.* 30), that the respondents have no right to inquire whether the transfer of the stock to the relators was merely colorable, or whether a consideration was paid therefor, or as to the occasion of the transfer.

Fourth. It may well be doubted, whether the section under which this application is made, refers to any other proceedings than those which arise in an action, or are incidental thereto.

Ordered accordingly,