## PEOPLE *ex rel.* HARRIMAN *v.* PATON.

*N. Y. Supreme Court, First District, Chambers; January, 1887.*

1. *Corporation; mandamus to exhibit transfer-book to stockholder.*] Under *L.* 1842, c. 165, it is the absolute duty of the transfer agent in this State of any foreign corporation to exhibit, at all reasonable times during the usual business hours to a stockholder when required, the transfer-book and a list of the stockholders, if in his power to do so; and a mandamus will be granted in his favor against the agent to allow him to inspect the book, whatever may be his motives or purposes in the matter.[*]

2. *Mandamus; denials of knowledge or information.*] Positive allegations in the affidavit upon which a motion is made for a mandamus to compel the transfer agent in this State of a foreign corporation to exhibit the transfer book to a stockholder, of the deponent's ownership of stock, are not put in issue by a denial of any knowl-

[*] See the preceding case, and cases cited in foot-note, *ante*, p. 193.

edge or information sufficient to form a belief as to his ownership, so as to preclude the granting of a peremptory writ in the first instance.

3. *The same, writ to whom directed.*] Where the relator upon a motion for a mandamus to compel the transfer agent to exhibit the stock book to him as a stockholder, is uncertain as to which of two respondents is the transfer agent, and the petition shows that one of them was duly appointed the transfer agent and that the other was appointed, either as transfer agent or register of transfers of stock, and was then acting as such, the relator is entitled to a peremptory writ directed to both of the respondents.

Motion by Edward H. Harriman and another for a peremptory mandamus to be directed to John E. Paton and others, composing the firm of John E. Paton & Co., and the Metropolitan Trust Company of New York City, to require them to exhibit to the relators or either of them the transfer book of the Dubuque & Sioux City Railroad Company, and a list of the stockholders thereof.

The application was made under L. 1842 (c. 165), 2 *R. S.* 7 ed. 1536, which provides :

"§ 1. The transfer agent in this State of any moneyed or other corporation existing beyond the jurisdiction of this State (whether such agent shall be a corporation or a natural person) shall at all reasonable times during the usual hours of transacting business exhibit to any stockholder of such foreign corporation, when required by him, the transfer book of such foreign corporation, and also a list of the stockholders thereof (if in their power so to do)."

*Seward, Da Costa & Guthrie,* for the relator.

*John E. Parsons,* for the respondents.

LAWRENCE, J.—Under chapter 165 of the Laws of 1842, it is the absolute duty of a transfer agent, in this State, of any moneyed or other corporation existing beyond the jurisdiction of the State, to exhibit at all reasonable times during

the usual business hours, to the stockholders, when required, the transfer book and a list of the stockholders, if in his power so to do (Kennedy *v.* Chicago, R. I. & P. R. R. Co., 14 *Abb. N. C.* 326). This proceeding is brought under that act, and as the duty is absolute, I do not think that the transfer agent has the right to inquire into the motives and purposes of the stockholders.

In construing the statute of this State relating to domestic corporations the court of appeals (Cotheal *v.* Brouwer, 5 *N. Y.* 562, 566) said: "The officer having the custody of the books is not constituted by the act a judge of the motives of the stockholder in making his inspection or of the precise manner in which it shall be conducted, nor of the purpose which the information thus obtained shall be made to subserve."

The court in that case cite approvingly the case of the People *v.* Throop (12 *Wend.* 183), in which the cashier of a bank had refused to permit a director to inspect the discount book, and a resolution had been passed by the board approving of his conduct. The court, however, held that the cashier could be compelled to submit the book for the inspection of the director, although the latter was believed by the other members of the board to be hostile to the interests of the institution.

If the relators in this case have sufficiently established by their papers that they are the holders and owners of the stock referred to in their petition, it follows that they are entitled to inspect the books unless it is shown that they have lost their right for reasons stated in the papers of the respondents. It is said by the learned counsel for the respondents, that the title of the relators to the stock in question is denied in the respondents' affidavits, and that therefore an issue of fact is raised which must preclude the issuing of a peremptory mandamus in the first instance.

In this position I cannot concur with the respondents' counsel, because it will be found that the positive allegations of the relators in respect to their ownership of the certifi-

cates are not positively denied by the respondents. The respondents state " that they have no knowledge or information sufficient to form a belief that the relators are or were, or either of them is or was, at the time in that behalf alleged the owner of the shares of the stock of the Dubuque and Sioux City Railroad Company, alleged to be owned by them, or that they neither hold the said alleged certificates therefor, or that they were or are the owners of such certificates." They then alleged that there were issued to the names of the relators, at or about the dates in that behalf mentioned, the certificates for the several lots of shares of the stock of said company in the petition set forth ; but whether at the time alleged the petitioners were or are the owners, etc., they have no knowledge or information sufficient to form a belief.

The general term of this department held, in People *ex rel.* Carleton *v.* Assessors of N. Y. (52 *How. Pr.* 140), that positive allegations in moving affidavits are not put in issue by denials upon or want of information in answering affidavits, and that, upon an application for a mandamus, if the substantial allegations in the moving affidavits are not fully met or avoided in the answering affidavits, a peremptory writ should be granted in the first instance. Justice DANIELS in delivering the opinion of the court referring to the relator, says: " He swore positively to his title to the property, and his statements upon that subject were not otherwise denied than by an answer of the board, verified by one of its members, denying knowledge or information sufficient to form a belief whether such statements were true. That form of denial, for the purpose of meeting the averments of a positive affidavit upon a special motion, really amounts to nothing. The Code has allowed it in an answer, or reply, in forming issues of fact by way of pleading, but it has not been sanctioned or allowed for any other purpose. The applicant's affidavit may very well be literally true and, at the same time, the person verifying the answer may have had no knowledge or information whatever upon the subject. For that reason the answer does not tend to

discredit the statements made in the affidavit, and it must, therefore, be taken to be presumptively correct as to the applicant's title.

For the reasons stated by Justice DANIELS it seems clear that I must in this case reject the alleged denials by the respondents of the positive arguments of the relators' ownership of the certificates in question.

It being established that the duty of the transfer agents under the act of 1842 is absolute; that the relators are the owners of the certificates in question; and that the motive of a stockholder, who has an absolute right to inspect the books of a corporation, cannot be inquired into, why are not the relators entitled to the relief which they seek on this motion? It is said, and the relators themselves admit, that the relators are not certain as to whether John Paton & Co. or the Metropolitan Trust Co. are to be regarded as the transfer agents, to whom the mandamus, if granted, should issue. It appears, however, from the relator's petition that John Paton & Co., in compliance with the provisions of the by-laws of the corporation, were duly appointed as its transfer agents, and that the Metropolitan Trust Co. were appointed either as transfer agent or registrar of transfers of the stock of such corporation, and are now acting as such.

Those allegations do not seem to be denied. Paton & Co., in their correspondence with the Messrs. Harriman, sign themselves as transfer agents, and the Metropolitan Trust Co., upon being described as the registrar of transfers of stock of the railroad corporation in the demand made upon them by the relators, placed their refusal upon the ground that they had been instructed by the president not to grant it, and when the petitioners called again the trust company stated that they had not possession of the books specified in said demand. These are the allegations in the petition, and they are not denied in the answering affidavits.

Under these circumstances I think the relators have a right to ask that the peremptory writ be directed to both of

the respondents. The case of People *ex·rel.* Hatch *v.* L. S. & M. S. R. R. Co. (11 *Hun,* 1) contains nothing in opposition to these views. The proceeding there was held to be one brought under the provision of the Revised Statutes relating to domestic corporations. It was shown that there was to be no election within thirty days next after the time of the application, and it was held that the case was not within the provisions of the statute above referred to, and, while the court did not absolutely determine that the right to examine the transfer books was limited to the period of thirty days prior to its election, it also held that the application was addressed to the sound discretion of the court, and that no mandamus should be issued prior to that time, except for clear and cogent reasons. But this proceeding is under the act of 1842, and, as we have seen, the duty is absolute on the part of the transfer agent to exhibit the transfer book and a list of the stockholders at all reasonable times during the usual business hours to any stockholder, when required, if in his power so to do.

The two cases are therefore entirely dissimilar.

Let a peremptory writ of mandamus issue as prayed for.