Per Curiam.*
The transfer agent of any corporation existing beyond the jurisdiction of this State is required at all reasonable times during the usual business hours to exhibit to any stockholder, when required, the transfer book of such corporation, and also a list of the stockholders thereof, if in his power to do so.
It does not appear herein that the transfer agent of the corporation proceeded against has not power to exhibit the book and list mentioned.
In a proceeding of this character, which is expressly provided for by the Code (Code Civ. Pro. § 2070), we have no doubt of the right of the court, without regard to the provis *4 ions of the Code, to order a reference to take proofs on the matter upon which is desired fuller information before proceeding. See Dwight v. St. John, 25 N. Y. 203, 205.
This citation is made only because it recognizes a power which has never been challenged in any case to which our attention has been called herein or heretofore.
The object of the reference was to make more certain and reliable the unsatisfactory denials contained in the answering affidavits, and thus to secure such information as would enable the court better to understand and dispose of the motion.
It may be, that upon the coming in of the referee’s report of the evidence taken before him, there will be no dispute as to any material question of fact, in which case the learned judge presiding might consider himself bound to grant the writ, or deny it if any material fact was put in issue.
Motion for stay denied, with $10 costs to abide event of motion.
II. Special Term, April, 1887.
Thereupon an order was entered denying the motion for a stay of proceedings, and E. F. Winslow and Frank F. Butler, for the respondents, and witnesses for the relator, were examined before George H. Foster, Esq., referee, who reported the evidence and testimony to the court, upon which,'together with the ■ affidavits on behalf of the relator and of respondents, the original motion for a peremptory writ of mandamus was argued.
The facts are stated in the opinion of Donohue, J.
John R. Dos Passos, for the relator, cited People ex rel. Hatch v. Lake Shore & M. S. R. R. Co., 11 Hun, 1 ; Kennedy v. Chicago, Rock Island & Pac. R. R. Co., 14 Abb. N. C. 326.
John E. Burrill, and Edward Lauterbach, for the respondents.
*5 Donohue, J.
This is an application for a writ of peremptory mandamus against the company, and against Frank T. Butler, E. F. Winslow and T. W. Lillie, requiring them to exhibit to Walter Del Mar, a stockholder of the company, the list of share or stockholders of said company, and the transfer book of said company.
The application is made under chapter 165 of the Laws of 1842.
It is needless to discuss the power of the court, further than to refer to the opinion of the general term in this particular case, in which they say that the transfer agent of any corporation, existing beyond the jurisdiction of the State, is required at all reasonable times during the usual business hours, to exhibit to any stockholder, when required, the transfer book of such corporation, and also a list of the stockholders thereof, if within his power to do so. This would seem to leave all discussion of the question of the power of the court out of. the case.
The point taken by the respondents’ counsel that there is a law of the State of Missouri, under the constitution, requiring the keeping of a stock register or transfer book at St. Louis, where the home office of the corporation is, has no application whatever to the case.
It could hardly be supposed, that the legislature of this State could have intended to allow a mandamus in regard to any such book. The book to which the statute in this State referred, was where a corporation, a citizen of another State, had a transfer book in this State. It is not necessary at this time to go very fully over the particulars of the affidavits in regard to the question before the court, as a more thorough examination will be needed on the question of contempt now pending. It will only be necessary for a proper determination of this motion, to say, that the affidavits on the part of the plaintiff, and the particulars furnished by him outside of the examination taken on the reference, show that there was a book in the possession of the respondents’ agents in New York, in which the transfers *6 referred to were entered, and to which the law would apply. The original affidavits on the part of the respondents would have led to the' belief, if accepted, that there was no such book in the possession of the company’s agents in New York, nor in the hands of any other person acting for them as their agent in New York.
On the examination it seems to have been developed that there is a book in the possession of respondents, the officers of the company, that contains information, similar to that which the company specifies as within its reach. In addition to which there is, as the respondents’ evidence demonstrates, a book in the hands of the Metropolitan Trust Company, that would come within such a name.
The act under which the proceeding is taken, should be liberally construed. The officers of the company, having in their possession the entire books and paper of the company, have a power that can hardly be overstated over the affairs of the company; and when the act. in question was passed, it was evidently done with the object of placing, as far as could be, every stockholder of the company in a position to obtain the same information in regard to that matter, which the officers of the company had, and to, as far as possible, put it in the power of every stockholder, to protect his interest in the company. It is to be regretted, .that in this case, the rule in question seems to have been buried in an attempt at the start, of the officers of the .company, to prevent showing, no matter what the name of the book may have been, that which is in their possession. Still, it would seem, that under all the facts in the case, the book in the possession tif the Trust Company has the fullest information to be had in regard to the matter so to be inquired into. Nevertheless, it does appear from the evidence, that-there is a book in the possession of the respondents, or one of them, from which information, though of an uncertain nature, may be obtained, such as the act gives the stockholder the right to obtain.
I think, under all the circumstances, the plaintiff should *7 have the right to see that book in the manner pointed out by the statute, and have all the information which it contains, and that while the book in the hands of the Trust Company may be very perfect, still I think they have the right, under the strict terms of the act, to the relief which they seek ; and to that extent the mandamus is granted.
I have refrained from making any • comment on the affidavits or proceedings in the case, as those are questions which will arise on a further examination, and it would be premature now to discuss them.
III. Special Term, May, 1887.
Motion to punish for contempt.
The facts are stated in the opinion.
John R. Dos Passos (Dos Passos Bros., attorneys) for the relator and the motion.
John E. Burrill and Edward Lauterbach for the respondents, opposed.
Donohue, J.
This is a motion on the part of the relator to punish the respondents for contempt in failing to appear before George II. Forster, Esq., referee, to whom the matter was referred to take the testimony of said witnesses.
In this matter, the original motion was to compel the exhibition by the respondents to Del Mar, a stockholder of the company, of the transfer book of the company during the usual and reasonable hours of business of the said company. On the return of that order to show cause, the affidavits produced on the part of the respondents, it was claimed, were intended to state that the company at its office in this city, had no such book or any book containing any such matter. If such had been the fact, and it was true, *8 that any company whose capital, as it is claimed is the capital of this company, is $30,000,000, had an office in the city of Xew York, where its officers resided, and where substantially in all things, except the running of the railroad, its business was conducted, did not keep such a book, and did not have such evidence, it certainly was well for the public to know it, and the court could not believe such to be the fact, that a company with a capital of $30,000,000, with its officers here, and its business carried on here, should be without books to enable it to know who its stockholders were. It seemed such an impossibility that the court considered it its duty to see whether the affidavits did mean what they appeared to, and referred this matter.
The proceeding itself was one that the statute sustained. The giving of information to a stockholder, was a positive right which the stockholder had, and without which the holding of stock in a company would be valueless. On the meeting before the referee, it is clear all of the parties had been duly summoned as witnesses. Some of the witnesses pretend that nothing but a paper was served on them, but it is very clear from the affidavit of Butler that some paper was exhibited, which was undoubtedly the original subpoena, and that if Butler or the others to whom that was exhibited, did not see fit to pay attention to what the party was saying or to what he was calling their attention sufficiently to enable them to know what he was exhibiting to them, it was certainly no fault of. the relator or his officer, but the person on whom the paper was to be served.
It is very clear to me that these parties knew that they were to be summoned before the referee at that time and that place, and that, merely because they were advised by counsel they need not go, they took the risk of contemning the process of the court, and risking the punishment for failure to comply.
An appeal was taken from the order and duly heard by the general term, and it is only necessary to refer to the *9 general term’s opinion to show that the order was sustained in all its parts, and that the contempt was virtually in defiance of the opinion of both those courts, although the general term opinion was not delivered until afterwards. Had the matter stood in this position, it would, in my judgment, have been the duty of the court to have inflicted on these parties very severe punishment for this contempt.
The matter in which the proceeding was pending was a matter of the highest importance. It was to determine whether a stockholder could or could not look at books in the possession of his servants, the ofiicer or officers of the company; and had not the books been produced and the information given, it is clear to me that a lesson would have to be taught these parties, not likely to be forgotten in any future proceeding of a like character. But the defendants claim, and it is sworn to positively by them, that tlicir non-attendance was not intentional disrespect, or with any desire to contemn the process of the court, but they acted wholly on the statement of counsel, that they would not be required a.t the time stated before the referee. In addition to this, Mr. Lauterbach, on behalf of the company, has allowed the fullest examination of the books of the company, giving all the information in their power as to the subject matter that the mandamus was intended to reach, and, while, under the circumstances, I think the gentlemen holding the positions that these do here, should be careful in obeying every order which they receive, no matter what its effect may be, from the court, trusting that the law will always be powerful enough to protect them from any wrong, yet under the circumstances, they having shown all that the mandamus required them to show, and having acted 'from a mistaken knowledge of duty, the court is disposed to deal lightly with them. On their paying the expenses of this proceeding, the proceedings will be dismissed.
As it may be perhaps a question in their mind as raised by them that they arc not liable at all in this proceeding, although I suppose they have submitted and assented to the *10 views of the court, still if they have any wish or desire to test, or they feel that they should have the right to carry out the idea that their failure to attend was proper, I will give them an opportunity to do so.
The motion will be granted to the extent of their paying the expenses of this proceeding, or if they desire, as before stated, to test the question, the court will put the order in such shape as to give them a right to do it.

 Van Brunt, P. J., and Brady, J.