PEOPLE *ex rel.* ANDREWS *v.* McGUIRE, Registrar of Arrears.

(*City Court of Brooklyn, General Term.* February 24, 1890.)

1. MANDAMUS—PLEADING—ISSUE OF FACT.
    In *mandamus* proceedings to compel the registrar of arrears to receive the amount of an assessment tax lien, as provided by Laws N. Y. 1883, c. 114, § 3, no issue of fact is raised by an allegation in his deputy's affidavit that he had no knowledge or information sufficient to form a belief as to the truth of the statement in the affidavit of relator that he was the owner of the premises assessed.

2. TAXATION—SALE—DESCRIPTION IN NOTICE.
    A notice of sale for taxes which describes the premises as block 54, "lot 112 pt.," fails to give any information to owner of "lot 112" that his lot was to be sold.

Appeal from special term.
Argued before VAN WYCK and OSBORNE, JJ.
*Almet F. Jenks*, for appellant. *John Andrews*, for respondent.

VAN WYCK, J. This is an appeal from an order of the special term of this court, directing the issuance of a writ of *mandamus* to registrar of arrears to receive from relator the amount of an assessment tax-lien filed by the assessors upon "lot 112," block 54, of the Twenty-Fifth ward, with interest thereon from the date it was so fixed, and, upon receipt of such tax and interest, to mark the same paid and canceled by some appropriate entry upon the books or records of his office. The primary duty of the registrar is to receive and receipt for taxes in arrears. Laws 1883, c. 114, § 3. To defeat this order, the registrar insists (1) that there was an issue of fact raised by the allegation in his deputy's affidavit that he had no knowledge or information sufficient to form a belief as to the truth of the positive statement in the affidavit of relator that he was the owner of the premises. We cannot assent to such a proposition. *People* v. *Paton*, 20 Abb. N. C. 195; *People* v. *Assessors*, 52 How. Pr. 140. (2) The registrar insists that he had sold the premises in question for the tax sought to be paid. If true, it would defeat the order. He advertised and sold a parcel of land in Twenty-Fifth ward under the following description, viz., block 54, "lot 112 pt." The registrar now contends that there was no "lot 112 pt." in that ward; therefore the owner was bound to know it was his lot 112; that the cabalistic "pt." was used by him to mean "part" of lot 112 in arrears for tax, without designating what part; and that this meaning should have been thought of by the relator when he examined the advertised list of lots to be sold. This notice of sale should receive no

such construction, for it certainly fails to give any information to owner of "lot 112" that his lot was to be sold, or was being sold, if he had been present at the alleged sale. We do not think that lot 112 has been legally sold, or sold at all. "Lot 112 pt." has been sold, but we are not called upon to determine whether there is such a lot, or whether it was properly sold. For the foregoing reasons the order must be affirmed, with costs.