(12 Misc. Rep. 468.)

### PEOPLE ex rel. HOFFMAN v. TEDCASTLE.

(Superior Court of New York City, Special Term. May, 1895.)

MANDAMUS—PEREMPTORY WRIT—DISPUTED FACTS.

A peremptory writ to compel the transfer agent of a corporation to permit a stockholder to inspect the transfer book and list of stockholders cannot be granted where defendant stated in his answering affidavit that he is unable to do so because the books had been sent to the home office of the company in another state, as the peremptory writ can issue only where the facts are undisputed.

Application by William J. Hoffman for a peremptory writ of mandamus to compel Charles B. Tedcastle, as a transfer agent of the Oregon Improvement Company, a foreign corporation, to exhibit to relator the transfer book and a list of the stockholders of said company. Denied.

Welch & Daniels, for relator.

Holmes & Adams, for respondent.

McADAM, J. The defendant is the New York transfer agent of the Oregon Improvement Company, a foreign corporation created under the laws of Oregon, and doing business at Portland in that state. The relator, a stockholder of the company, requested the transfer agent to exhibit to him the transfer book and a list of the stockholders. Laws 1892, c. 688, § 53; Laws 1842, c. 165, §§ 1, 2; In re Sage, 70 N. Y. 220; In re Martin, 62 Hun, 557, 17 N. Y. Supp. 133; People v. Paton, 20 Abb. N. C. 172, 195; Ross v. Wigg, 34 Hun, 193. The defendant declined, upon the ground that the books had been sent to the home office in Oregon, and, not being under his control, he could not comply. The truth of the reason given for noncompliance with relator's request is substantiated by the defendant's affidavit. In view of these facts, the peremptory writ of mandamus applied for cannot issue. Code, § 2070. The case relied on by the relator (People v. St. Louis & S. F. R. Co., 44 Hun, 552) does not authorize a reference as to a disputed fact, but only where further information is required. The writ can only issue where the facts are undisputed, and it is within the power of the person to whom the writ would issue to perform the act. People v. Hayt, 66 N. Y. 607; People v. Rome, W. & O. R. Co., 103 N. Y. 95, 8 N. E. 369; People v. Board of Police, 107 N. Y. 235, 13 N. E. 920; People v. New York Infant Asylum, 122 N. Y. 190, 25 N. E. 241; People v. Northern Pac. R. Co., 50 N. Y. Super. Ct. 457; Kennedy v. Chicago, etc., R. Co., 14 Abb. N. C. 326; People v. St. Louis, etc., R. Co., 19 Abb. N. C. 1; People v. Paton, 20 Abb. N. C. 172; People v. St.

·Louis & S. F. R. Co., 47 Hun, 543. Where, on the motion, opposing affidavits are read which conflict with the averments of the moving affidavits, notwithstanding which the relator demands a peremptory writ, this is equivalent to a demurrer, and the questions as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true. People v. Cromwell, 102 N. Y. 477, 7 N. E. 413; People v. Board Sup'rs, St. Lawrence Co., 103 N. Y. 541, 9 N. E. 311. In such case the court will take the facts, so far as disputed, as they appear in the opposing affidavits. People v. Richards, 99 N. Y. 620, 1 N. E. 258. Where the facts are disputed, only an alternative writ can issue (47 Hun, 543), and the issues raised thereon must be determined by a jury (Code, § 2083), ·unless a jury trial is waived or a reference is directed by consent (Id.). The election of directors takes place June 17th, and an alternative writ would be of no service to the relator. He may take one if he desires. Motion for peremptory writ denied, without costs. Motion denied, without costs.