McAdam, J.
The defendant is the Hew York transfer agent of the Oregon Improvement Company, a foreign corporation created under the laws of Oregon, and doing business at Portland in that state. The relator, a stockholder of the company, requested the transfer agent to exhibit to him the transfer book and a list of the stockholders. Laws 1892, c. 688, § 53; Laws 1842, c. 165, §§ 1, 2; In re Sage, 70 N. Y. 220; In re Martin, 62 Hun, *136 557; 42 St. Rep. 409 ; People v. Paton, 20 Abb. N. C. 172, 195 ; Ross v. Wigg, 34 Hun, 193. The defendant declined, upon the-ground that the books had been sent to the home office in Oregon, and, not being under his control, he could not comply. The truth of the reason given for noncompliance with relator’s request is-substantiated by the defendant’s affidavit. In view of these facts,, the peremptory writ of mandamus applied- for cannot issue. Code, § 2070. The case relied on by the relator, People ex rel. Del. Mar v. St. Louis & S. F. R. Co., 44 Hun, 552; 7 St. Rep. 415, does not. authorize a reference as to a disputed fact, but only where further information is required. The writ can only issue where the facts-are undisputed, and it is within the power of the person to whom the writ would issue to perform the act. People v. Hayt, 66 N. Y. 607; People v. Rome, W. & O. R. Co., 103 id. 95; 3 St. Rep. 39 ; People ex rel. McMackin v. Board of Police, 107 N. Y. 235 ; 11 St. Rep. 412 ; People ex rel. Nicholls v. New York Infant Asylum, 122 N. Y. 190; 33 St. Rep. 296 ; People v. Northern Pac. R. Co., 50 N. Y. Supr. Ct. 457; Kennedy v. Chicago, etc., R. Co. 14 Abb. N. C. 326; People v. St, Louis, etc,, R. Co., 19 id. 1; People v. Paton, 20 id. 172; People v. St. Louis & S. F. R. Co., 47 Hun, 543; 14 St. Rep. 885. Where, on the motion,, opposing affidavits are read which conflict with the averments of the moving affidavits, notwithstanding which the relator demands a peremptory writ, this is equivalent to a demurrer, and the questions as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true. People ex rel. S. C. Sav. Bank v. Cromwell, 102 N. Y. 477 ; People ex rel. Superintendant of Poor v. Board Sup’rs, St. Lawrence Co., 103 id. 541; 4 St. Rep. 229. In such case the court will take the facts, so far as disputed, as they appear in the opposing affidavits. People v. Richards, 99 N. Y. 620. Where the facts are-disputed, only an alternative writ can issue (47 Hun, 543 ; 14 St. Rep. 885), and the issues raised thereon must be determined by a jury (Code, § 2083), unless a jury trial is waived or a reference is directed by consent (Id.) The election .of directors takes place June 17th, and an alternative writ would be .of no service to the relator. He may take one if he desires. Motion for peremptory writ denied, without costs. Motion denied, without costs.