(28 Misc. Rep. 300.)

## In re CROSBY.[1]

(Supreme Court, Special Term, New York County.　July, 1899.)

1. COURTS — JURISDICTION — MANDAMUS PROCEEDING BY NONRESIDENT STOCK-HOLDER AGAINST FOREIGN CORPORATION.
   A court of New York has jurisdiction to entertain a proceeding by a nonresident stockholder in a foreign corporation for a mandamus to require the corporation to permit the relator to inspect such of its books and papers as are within the court's jurisdiction.

2. CORPORATIONS—RIGHT OF STOCKHOLDER TO INSPECT BOOKS.
   A stockholder has the right to inspect the books of the corporation, at a proper time and place, and for a proper purpose.

3. SAME—MANDAMUS.
   The right to examine books of corporation may be enforced by mandamus.

4. SAME.
   On an application by a stockholder for a mandamus to require the corporation to permit him to inspect its books, his motives, unless very reprehensible, will not be closely scrutinized.

5. SAME—PARTIES—JOINDER OF CORPORATION DEFENDANTS.
   Where two corporations are virtually one, and have the same officers, they may be joined as defendants in a mandamus proceeding by a stockholder in both to require them to permit his inspection of their books.

Proceeding by Josiah F. Crosby against the Corralitos Company and the Candalaria Mining Company for a mandamus. Motion granted.

J. H. Warner, for the motion.

J. J. Poole, opposed.

GILDERSLEEVE, J.　This is a motion for a peremptory mandamus requiring the Corralitos Company and the Candalaria Mining Company to permit Josiah F. Crosby, a resident of Texas, to inspect their books and papers. From the moving papers it appears that these companies were incorporated in March, 1889, under the laws of Colorado; that the officers are the same persons in both companies; that Crosby is a stockholder in each of the corporations; that ever since their incorporation both concerns have had an office in the city of New York, where all their books have been, and now are, kept in the custody of David F. Merritt, as secretary and treasurer; that the officers of both corporations reside in or near the city of New York; that, through his attorney, Crosby has demanded of both companies an inspection of their books and papers; and that such demand has been refused on the ground that the presidents of the corporations had not consented to an inspection. It further appears that Crosby has pledged all his holdings in these companies to secure a loan of $7,700 made to him by Solon Humphreys; that this loan will become due in November next, and that Crosby has not the means to pay it; that he has no means of ascertaining the value of the stock and bonds, except by an examination of the companies' books and papers. Crosby also charges that neither company has ever declared or paid any dividend whatsoever. On the part of the respondents, affidavits were read on the motion to show that all the books, documents, etc., specified and enumerated in the

[1] Reversed on appeal.　See 59 N. Y. Supp. 340.

motion papers are not in the city of New York, as some of them, if they ever existed, are in Mexico, where the companies' properties are situated and their operations carried on; that the president, secretary, and treasurer of both companies reside in the state of New Jersey. The respondents also charge that this application is not made in good faith. The counsel for the respondents raises the preliminary objection that, as these companies are foreign corporations, and as Crosby is a resident of Texas, this court has no jurisdiction to entertain the application. The further point is taken that the two companies are improperly joined in one application.

As it appears that Crosby is a stockholder in both companies; that some, at least, of the books are in the city of New York; that a sufficient demand for an inspection of the books and papers in question has been made and refused,—the only question to be determined is whether this court has jurisdiction to allow the writ. The argument of the respondents is that the only source of the jurisdiction of this court over a foreign corporation, when that jurisdiction is invoked by a nonresident of this state, is section 1780 of the Code, and that under that section jurisdiction can be exercised in an action only, whereas this is a special proceeding. So far as the research of counsel on either side has extended, no case has been found by them in this state in which this precise question has been presented and adjudged. In a similar application by a resident stockholder against a foreign corporation, the court allowed the writ. People v. Paton, 20 Abb. N. C. 195. Subsequently that case was cited, with apparent approval, by Mr. Justice McAdam, in the case of People v. Tedcastle, 12 Misc. Rep. 468, 34 N. Y. Supp. 257, though the case went off on a point which did not involve the question of jurisdiction. Assuming that jurisdiction, in any case between a nonresident party and a foreign corporation, depends exclusively upon section 1780 of the Code, it is by the terms of that section limited to actions, and, as respects special proceedings, like the present application, no distinction whatever is made between residents and nonresidents of this state. As the decision in People v. Paton, supra, would be irreconcilable with the literal construction of section 1780, I am forced to conclude that the learned judge who decided that case intended to hold either that the application was within the spirit of section 1780, or the jurisdiction to entertain it was implied in Act 1842, c. 165, in substance now section 53 of the stock corporation law of 1892; and, if that act was regarded as the source of the jurisdiction there exercised, it may be held to apply indiscriminately to both residents and nonresidents, for it mentions neither. In Swift v. Richardson, 7 Houst. 338, 32 Atl. 143, the court held, on appeal, after great consideration, that mandamus would be allowed in favor of a nonresident of Delaware against a foreign corporation, requiring it to permit an inspection of its books in that state. This is the only case cited by counsel which meets squarely the question here presented. While the point taken by the counsel for the respondents respecting the jurisdiction of the court is by no means free from doubt, I yield to the authorities to which I have referred, as sufficient to constrain my private judgment on the sub-

ject. Touching the right of this stockholder to inspect the books and papers of these companies, or such of them as are within the jurisdiction of the court, In re Steinway (recently decided by the court of appeals, though not yet regularly reported) 53 N. E. 1103, settles the question in his favor. The principle of that case applies to all stockholders and all corporations. The place and mode of its application is one of jurisdiction. On the subject of the good faith of this application, I deem it sufficient to say that the charge is not sustained by any evidence, and that, in general, the motive with which the mandamus is sought, unless it be very reprehensible, will not be closely scrutinized. Cotheal v. Brouwer, 5 N. Y. 562–566; People v. Paton, supra. It is so apparent that the two corporations are, to all intents and purposes, one, that I shall overrule the objection in the nature of a misjoinder taken by the respondents. The motion is granted, and the order to be entered will be settled on notice.

Motion granted.