(59 App. Div. 390.)

LOZIER v. SARATOGA GAS, ELECTRIC LIGHT & POWER CO.

SAME v. ROOHAN.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

1. CORPORATIONS—INSPECTION OF BOOKS—REFUSAL—PENALTY—RIGHT OF STOCK-HOLDER.

Stock Corporation Law, § 29, provides that every stock corporation shall keep at its office a stock book containing the names of all stockholders, etc., which shall be open daily for the inspection of its stockholders, and that for the negligence or refusal to allow such inspection the corpora-

tion shall forfeit to the people the sum of $50 for every day of such neg-
lect or refusal, and that any officer or agent of the corporation who shall
willfully neglect or refuse to exhibit such books shall be liable to the
same penalty. A stockholder on three occasions called at the general
office of the defendant corporation, and was informed by its agent that
the stock books were at the office of the company's president, a short
distance away, and that he could inspect the books by calling there;
and on one occasion he went to the president's office, and took copies
from the books. *Held*, that neither the corporation nor its agent was
liable for the penalty, since they did not refuse or neglect to exhibit the
books within the meaning of the statute.

**2. SAME—EXTRA ALLOWANCE—RIGHT OF DEFENDANT.**

Defendant in an action to recover the statutory penalty imposed for
the refusal of a corporation to exhibit its books, in which the complaint
was dismissed, was not entitled to an extra allowance, as there was
nothing difficult or extraordinary about the case.

Appeals from special term, Saratoga county.

Actions by Theodore F. Lozier against the Saratoga Gas, Electric
Light & Power Company and against Patrick F. Roohan. From judg-
ments in favor of defendants in each case, and from orders for an
extra allowance to defendants in each case, plaintiff appeals. Modi-
fied.

Patrick F. Roohan is an employé of the Saratoga Gas, Electric Light &
Power Company, in charge of its office at 338 Broadway, Saratoga Springs.
Upon three several occasions James F. Swanick, with a power of attorney
from the plaintiff, who is a stockholder in the said corporation, applied at said
office for liberty to inspect its stock book. Upon each of these occasions he
was told that he could see the stock book at the law office of Mr. Brackett,
the president, where it then was. It further appears that at least upon one
of these occasions he went to the office of the president, and was shown
the stock book, and was allowed to and did take copies therefrom. There-
upon he brought two actions, one against the corporation and one against
the employé, to recover penalties. At the trial in each action the complaint
was dismissed, and an order for an extra allowance of $30 granted.

Argued before PARKER, P. J., and KELLOGG, EDWARDS,
SMITH, and CHASE, JJ.

James F. Swanick, for appellant.

Walter P. Butler (Charles S. Lester, of counsel), for respondents.

SMITH, J. This action was brought under section 29 of the stock
corporation law, which reads as follows:

"Every stock corporation shall keep, at its office, correct books of account
of all its business and transactions, and a book to be known as the stock-book
containing the names, alphabetically arranged, of all persons who are stock-
holders of the corporation, showing their place of residence, the number of
shares of stock held by them respectively, the time when they respectively
became the owners thereof, and the amount paid thereon. The stock-book of
every such corporation shall be open daily, during business hours, for the
inspection of its stockholders and judgment creditors who may make extracts
therefrom. Every corporation that shall neglect or refuse to keep or cause
to be kept such books, or to keep any book open for inspection, as herein
required, shall forfeit to the people the sum of fifty dollars for every day it
shall so neglect or refuse. If any officer or agent of any such corporation shall
wilfully neglect or refuse to make any proper entry in such book or books,
or shall neglect or refuse to exhibit the same, or allow them to be inspected
and extracts taken therefrom, as provided in this section, the corporation and
such officer or agent shall forfeit and pay to the party injured a penalty of
fifty dollars for every such neglect or refusal and all damages resulting to
him therefrom."

It will be noticed that under this section there are two classes of penalties contemplated. One is a penalty for failing to keep in the office of the corporation certain books, including a stock book, containing the names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their place of residence and other matters. For the failure to keep or cause to be kept such books the corporation is made liable for a penalty, which is given not to an individual stockholder, but to the people. These actions, however, are brought for the other class of penalties, to wit, for the refusal of the corporation, through its officer or agent, to exhibit the stock book, and allow it to be inspected, and extracts taken therefrom. We have no doubt, from a reading of the statute, that such a penalty is only incurred by a willful refusal or neglect. This reading of the statute is not only justified by well-settled rules governing the construction of penal statutes, but by reasonable inference. Not only the corporation, but also the agent or employé, is made liable for the penalty. It clearly could not have been intended that this servant of the corporation should be made liable for a penalty for failing to do what it was not within his power to do. The plaintiff's agent was told, in response to his demand, that the book was not at that office, but that he was at liberty to examine the same at the office of the president of the corporation, only a short distance from the main office of the corporation. This action constitutes neither a refusal nor neglect to exhibit the book, within the meaning of the statute subjecting the defendants to a penalty.

We can find no justification whatever for the orders granting to the defendants an extra allowance. The cases were neither difficult nor extraordinary in any sense of the terms. Those orders must, therefore, be reversed, and judgment otherwise affirmed, with costs of these appeals to the respondents.

Judgment unanimously affirmed, with costs. Order for extra allowance reversed, without costs.

Second action same. All concur.