KIRKMAN v. CARLSTADT CHEMICAL CO. et al.

(Supreme Court, Appellate Term. October, 1901.)

1. CORPORATIONS—INSPECTION OF BOOKS—RIGHT OF STOCKHOLDERS—PENALTY

Stock Corporation Law (Laws 1892, c. 688) § 29, provides that a corporation and its officers shall be liable to a penalty for neglecting and refusing to exhibit its books to its stockholders. A stockholder claimed that the treasurer of the corporation refused him permission to inspect the books. He was corroborated by one witness. The treasurer claimed that owing to the office having been broken into, and some books stolen, he had taken the corporation books home, and so informed the stockholder, stating that the latter was welcome to see the books any time he would designate, whereupon the following morning was agreed upon, but the stockholder failed to come. *Held*, that the corporation and its officers were entitled to an instruction that, if the stockholder assented to call the following day to see the books, they were not liable to the penalty.

2. SAME—STOCKHOLDER'S DISCHARGE FROM EMPLOYMENT—EVIDENCE—ADMISSIBILITY.

In an action by a stockholder to recover the statutory penalty for the refusal of the corporation to exhibit its books, the admission of evidence of the stockholder's discharge from the employ of the company was erroneous.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Samuel J. Kirkman against the Carlstadt Chemical Company and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Holt & Duross, for appellants.

Edward S. Hull, for respondent.

SCOTT, J. The plaintiff sues the defendants jointly upon two separately stated causes of action, demanding a judgment of $50 upon each cause of action. The first cause of action was dismissed without objection on the part of the plaintiff, leaving the action one for $50 against the defendants jointly. No motion was made to amend the complaint with respect to the amount sued for. As the judgment was for $100, with costs, it must, in any event, be modified. It remains to be considered whether or not it should be altogether reversed. The action was for the statutory penalty for a refusal to permit the plaintiff, a stockholder in the defendant company, to in-

spect the stock book upon demand, and is based upon section 29 of the stock corporation law (Laws 1892, c. 688), which provides that for such refusal "the corporation and such officer or agent shall each forfeit and pay to the party injured a penalty of fifty dollars for every such neglect or refusal." It has been held that this penalty attaches only to a willful neglect or refusal. Kelsey v. Fermentation Co., 41 Hun, 20; Lozier v. Power Co., 59 App. Div. 390, 69 N. Y. Supp. 247. In the latter case the court said:

"We have no doubt, from a reading of the statute, that such a penalty is only incurred by a willful refusal or neglect. * * * The plaintiff's agent was told in response to his demand that the book was not at that office, but that he was at liberty to examine the same at the office of the president of the corporation, only a short distance from the main office of the corporation. This action constitutes neither a refusal nor neglect to exhibit the book, within the meaning of the statute, subjecting the defendants to a penalty."

In the present case there was a sharp conflict of evidence as to the nature of the alleged refusal. Plaintiff and one other witness testified that the defendant White, the treasurer of the company, flatly refused. White, on the other hand, testifies that owing to the fact that the office had been broken into, and some books stolen, he had taken the stock book for safekeeping to his own house, and that he so stated to plaintiff; that at the same time he told plaintiff that he was entirely welcome to see the book at any time, and that, if plaintiff would say when he would be there, he (White) would have the book there for him; that plaintiff said he would come on the next morning, which would be Sunday; that plaintiff agreed to have the book at the office on the next morning, and did in fact so have it, and waited with it until 1 o'clock in the afternoon, but plaintiff did not come. In view of this testimony, at the end of the trial defendants' counsel asked the justice to charge the jury that, if plaintiff assented to White's proposition to call the following day to see the book, the defendants were not liable to the penalty. This request was refused, and in this refusal there was error. If the parties mutually agreed that the book should be exhibited to plaintiff on the following day, there was certainly no willful refusal to exhibit it. Non constat, if plaintiff had refused to agree to examine the book the next day, and had insisted upon an immediate inspection, but that the defendant White would have produced it, since his house was only a short distance away. It was also error to admit evidence as to plaintiff's discharge from the employ of the company. That fact had no bearing upon his claim for the statutory penalty and was calculated to prejudice the jury in favor of plaintiff and against the defendant corporation.

Judgment reversed and new trial granted, with costs to appellants to abide event. All concur.