the injury, a prima facie case against the defendant was not made out. Nor was the defect supplied afterwards, for the testimony given by and on behalf of the defendant is all to the effect that the number of the coach which knocked plaintiff down was No. 2,156; that the said coach and horses were at the time driven by a servant of, and owned by, one Wheeler, who, although he was defendant's superintendent, carried on an independent business with said coach and horses; and that for years said coach had been run under a license issued to Wheeler.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.

---

### BILLINGHAM v. E. P. GLEASON MFG. CO.
### SAME v. WHITNEY.

#### (Supreme Court, Appellate Term. May 19, 1904.)

1. CORPORATIONS—STOCKBOOKS—FAILURE TO KEEP—PENALTIES—PERSONS ENTITLED TO RECOVER.

Stock Corporation Law (Laws 1892, p. 1831, c. 688) § 29, provides that every corporation that shall neglect or fail to keep or cause to be kept open for inspection a stockbook containing the names, alphabetically arranged, of all stockholders, showing their place of residence and the number of shares held by them, shall forfeit to the public the sum of $50 for every day it shall so neglect or refuse. *Held,* that the right of action is given only to the people of the state, and that a stockholder cannot sue.

2. SAME—OFFICERS—LIABILITY.

Where a corporation fails to keep a stockbook as required by Stock Corporation Law (Laws 1892, p. 1831, c. 688) § 29, the secretary of the corporation was not subject to a penalty for his refusal to exhibit such books, imposed by such section.

Appeals from Municipal Court, Borough of Manhattan, Third District.

Actions by Lottie P. Billingham against the E. P. Gleason Manufacturing Company and against Elias Whitney. From Municipal Court judgments in favor of plaintiff in each case, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Robertson, Harmon & Davies, for appellants.
Bigham & Wagner, for respondent.

TRUAX, J. The evidence shows that the defendant in the first action did not keep in its possession a stockbook containing the names, alphabetically arranged, of all persons who were stockholders of the corporation, showing their places of residence, the number of shares held by them, respectively, the time when they respectively became the owners thereof, and the amount paid thereon, or any book of such a nature. See section 29 of the stock corporation law (Laws 1892, p. 1831, c. 688). Said section 29 provides that every corporation that shall neglect or refuse to keep or cause to be kept any book open for inspec-

tion "as herein required" shall forfeit to the people the sum of $50 for every day it shall so neglect or refuse.   But such section does not give to a stockholder such as the plaintiff any right to bring an action for a failure or refusal to keep said books.   Such right of action is given only to the people of the state of New York.

The action against the defendant Whitney, who is the secretary of the corporation who is the defendant in the first action, was brought under the last sentence of said section 29, which provides that if any officer or agent of any such corporation shall willfully neglect or refuse to make any proper entry in such books, or shall neglect or refuse to exhibit the same, or allow them to be inspected and extracts taken therefrom, as provided in said section, such officer or agent shall forfeit and pay to the party injured a penalty of $50 for every said neglect or refusal.   As stated, the evidence shows that the book required by the first part of said section 29 was not kept by the corporation, and therefore the defendant Whitney, who was the secretary of the corporation, could not be said to have neglected or refused to exhibit a book that was not in existence at the time the demand for the inspection of the book was made upon him.   It was said in Lozier v. Saratoga Gas, Electric Light & Power Company, 59 App. Div. 390, 69 N. Y. Supp. 247, that it could not have been intended that a servant of a corporation should be made liable for the penalty for failing to do what it was not within his power to do.   To the same effect is Kennedy v. Chicago, etc., Pacific Railroad Company, 14 Abb. N. C. 326, 327.

Judgments appealed from are reversed, and new trials ordered, with costs to appellants to abide the event.   All concur.