(139 App. Div. 433.)

HOVEY v. EISWALD.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

CORPORATIONS (§§ 650, 653*)—FOREIGN CORPORATIONS—STOCKBOOKS—INSPEC-
    TION—PENALTY FOR REFUSAL—"AGENT."

    Under Stock Corporation Law, § 29 (Laws 1909, c. 61 [Consol. Laws, c. 59]), requiring foreign corporations to keep a book showing the names of its stockholders, for inspection by stockholders, and prescribing a penalty against the corporation and its agent for refusing an inspection, a corporation cannot justify such refusal by failing to keep the book, but a mere selling agent of the corporation with no authority to keep such book is not liable to the penalty; the term "agent" in the statute applying to a transfer agent by whom the book could be kept.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. §§ 650, 653.*

    For other definitions, see Words and Phrases, vol. 1, pp. 262–270; vol. 8, p. 7569.]

    McLaughlin, J., dissenting.

Submitted controversy between Le Roy F. Hovey and George H. Eiswald. Judgment for defendant.

See, also, 124 N. Y. Supp. 128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Lester S. Kafer, for plaintiff.
Jabish Holmes, for defendant.

INGRAHAM, P. J. The Proctor & Gamble Company is a stock corporation incorporated under the laws of the state of Ohio. It maintains an office in the city of New York only for the purpose of "handling the selling portion of the company's business in the state of New York" which office was in charge of the defendant who was the principal sales agent of the defendant in the state of New York. He is not an officer, director, or stockholder of the said corporation, and there was no such officer or director of said corporation in charge of said office. Nor did the corporation keep in said office nor in the state of New York a book known as a "stockbook" nor any books or papers containing the names of its stockholders.

The plaintiff is a stockholder in said corporation, and on the 14th day of December, 1909, during business hours demanded of the defendant personally and as the agent of the said corporation an inspection of the stockbook of said corporation; defendant in reply to such demand stated to the plaintiff, that, "he was unable to comply

with such demand because there was no such stockbook or any books or papers containing the names of the stockholders of the Proctor & Gamble Company in said office," and defendant never offered to permit such inspection, and the question submitted is whether the defendant was subject to the penalty provided by section 29 of the stock corporation law (Laws 1909, c. 61 [Consol. Laws, c. 59]).

The statute requires a foreign corporation doing business in this state to keep here a stockbook showing the names of its stockholders, either at its own office or in charge of a transfer agent, and gives to each stockholder a right to inspect such stockbook. The Legislature having imposed such an obligation upon a foreign corporation coming into this state to transact its business, it cannot justify a failure to allow an inspection by failing to keep a book in the state so that it can comply with the obligation imposed on it to allow the inspection. It is bound to keep the book here and allow each stockholder to inspect it. The plaintiff, a stockholder, having made a demand for such an inspection at its principal office in this state where it transacted its business, and such an inspection having been refused, the corporation violated the obligation imposed on it, and is subject to the penalty imposed for such a violation. In this case, however, it is sought to hold the selling agent of the corporation liable for the penalty. In the portion of the act imposing the obligation it is the corporation that is required to keep the book in this state either in its own office or with a transfer agent, and the statute then provides that "for any refusal to allow such book to be inspected such corporation and the officer or agent so refusing shall each forfeit the sum of $250 to be recovered by the person to whom such refusal was made." The corporation would undoubtedly be liable, and so would an officer of the corporation, if the demand was made on and refused by him, but I do not think that this provision was intended to apply to each agent of a corporation in this state upon whom such a demand was made. The "agent" spoken of in relation to this obligation was a "transfer agent" by whom the stockbook could be kept, and upon whom an obligation to allow an inspection was imposed. When the corporation, to comply with the statute, had appointed a transfer agent and provided him with the book he could not refuse to allow an inspection without being liable for the penalty, or, if the corporation had left such a book with its general agent who had charge of its business in this state for the purpose of complying with the obligation imposed upon it, his failure to allow an inspection would be a violation of the statute, as the corporation had provided him with the means of complying with it, but an agent appointed to make sales, with no power to procure a stockbook, no knowledge of the stockholders, and nothing that he could allow to be inspected did not violate the statute or incur the penalty for not doing what it was not within his power to do. To give to the statute the construction claimed by the plaintiff would make every employé who was created an agent of a corporation liable for a refusal to do an act which was not within the authority conferred on him by his principal or within his power to do. This statute should be given a reasonable construction to accomplish the purpose for

which it was passed, and it seems to me it would be most unreasonable to extend the meaning of the word "agent" to include all employés of a corporation, whether or not they were in such a position that a compliance with the statute was possible. The duty imposed was to keep the book in this state and to allow it to be inspected. All officers or agents of the corporation whose positions were such that it was within their power to comply with the statute were bound to do so and were liable in case of a neglect or refusal, but a sales agent with limited authority, with no power to procure or allow the book to be inspected, was not within the purview of the statute, and was not subject to a penalty for his inability to comply with it. The penalty is for "any refusal," not for an inability to comply with the statute, and I do not think a person can be said to refuse to do an act when doing the act would be obviously beyond his power.

It follows that, if these views are correct, the defendant is entitled to judgment with costs.

CLARKE, SCOTT, and MILLER, JJ., concur.

McLAUGHLIN, J. (dissenting). The statute provides that for any refusal to allow the stockbook to be inspected "such corporation and the officer or agent so refusing shall each forfeit" the sum of $250. The officer or agent referred to includes the person who has or should have charge of the stockbook. The defendant was the agent of the company in charge of its office in this city where the book should have been kept—in the absence of a transfer agent in this state, which the corporation did not have—and was the proper person from whom to demand an inspection of it. That being so, I do not see how any distinction can be made between his refusal and the refusal of the corporation. The statute certainly makes none. Once it is conceded that the corporation has refused, both it and the officer or agent so refusing are liable for the penalty. The plain meaning of the statute is that the officer or agent who transmits the company's refusal is equally liable with it.

If the word "willfully" had been used in this section, as it was in the preceding section relating to domestic corporations, there might be some ground for holding that an agent should not be subjected to the penalty, where, as in the present case, he is unable to permit an inspection because of the neglect of the corporation, through no fault of his own. Lozier v. Roohan, 59 App. Div. 390, 69 N. Y. Supp. 247. As it is, however, the language of the statute is plain and it has been held that the motive or intent of the stockholder in demanding an inspection is immaterial. Henry v. Babcock & Wilcox Co., 196 N. Y. 302, 89 N. E. 942. The penalty is not made to depend upon the intent of the agent or the cause of his refusal, and it seems to me to be an unwarranted construction of the statute to read such a qualification into it.

Nor do I think the literal meaning of the statute is unreasonable. The defendant must be deemed to have known the existence of the statute and that if he remained in charge of the office of the corporation within the state, where it was bound to keep a stockbook, he

would be liable as well as the corporation itself if he refused to produce such a book upon a proper demand. If he chose to remain in charge of the office with no such book there, it was a risk which he voluntarily assumed. It has never been held, so far as I know, that an employé is not liable for violations of the liquor law arising from derelictions of his employer which he is powerless to remedy, and, for a similar reason, I do not see how it can be said that the Legislature, when it enacted the statute here under consideration, intended anything other than what the language plainly means. If it did, the remedy is for the Legislature, and not for the courts.

I think the plaintiff is entitled to recover from the defendant the statutory penalty, and therefore, I am unable to concur in the prevailing opinion, and dissent therefrom.