IN THE MATTER OF THE APPLICATION OF RUSSELL SAGE et al., Appellants, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY AND OTHERS, Respondents.

The L. S. & M. S. R. Co., organized under the Act of 1869 (chap. 917, Laws of 1869), by the consolidation of various foreign and domestic railroad companies, is a domestic, not a foreign corporation, and therefore the provisions of the act of 1842 (chap. 165, Laws of 1842) to compel transfer agents of foreign corporations to exhibit lists of their stockholders have no application to it.

Being a domestic corporation, it comes within and is controlled by the provision of the Revised Statutes (1 R. S. 601, § 1), requiring the transfer book and books containing the names of stockholders of any incorporated company to be open for inspection for thirty days previous to the election of directors.

The statute last mentioned does not deprive the stockholders of the right to examine the transfer books of a corporation, for proper purposes and on proper occasions, at other times ; and a proceeding by *mandamus* may be invoked for the purpose of enforcing such right.

The granting of the writ, however, is in the discretion of the court, and an order refusing it is not reviewable here.

(Argued June 5, 1877 ; decided June 19, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying an application for a *mandamus* to compel the Lake Shore and Michigan Southern Railway Company and its directors to exhibit to petitioners, stockholders of said corporation, its transfer book and list of stockholders.

The said corporation was organized under the act chapter 917, Laws of 1869, by the consolidation of several railroad corporations, one of which was a domestic corporation.

*Henry S. Bennett*, for the appellants. A member of a corporation has, by the common law, the right to an inspection of the books of the corporation for the purpose of establishing or maintaining his rights. ( *Rex* v. *Shelley*, 3 Tenn. R., 142; *Rex* v. *Babb*, ib. 580; *Harrison* v. *Williams*,

3 Barn. & Cress., 162; *Rogers* v. *Jones*, 5 D. & R., 484; Grant on Corporations, 311; *People* v. *Cornell*, 47 Barb., 329; *Hubert* v. *Ashburner*, 1 Wils., 297; Dillon on Mun. Corp, § 240; *Am. Co.* v. *Haven*, 101 Mass., 398; *State* v. *Goll*, 3 Vroom., 285; *Hatch* v. *City B.*, 1 Rob. La., 470; Merchant Tailors' Co., 2 Barn. & Ad., 115; *Cotheal* v. *Brown*, 1 Selden, 563; Angel & A. on Corp., 572; *Imp. Co.* v. *Clarke*, 7 Barry, 95; 2 Starkie Ev., 736; *Rex* v. *Buckingham*, 8 B. & C., 375; 3d Ld. Raymond, 303; *Grey* v. *Hopkins*, 7 Mod., 129; 2d Ld. Raymond, 851; *Foster* v. *Bk. of England*, 15 Law I. N. S., 2 B., 212; *Cockburn* v. *Union Bk.*, 13 La. Ann., 289; *Rex* v. *Hostmen of Newcastle*, 1 Strange, 1223; *Rex* v. *Trustees*, 5 Barn. & Adol., 978; *Regina* v. *Tealey*, 8 Jur., 496; *People* v. *Walker*, 9 Mich., 328; *St. Luke's Church* v. *Slack*, 7 Cush., 226; *Rex* v. *Wildman*, Strange, 879; Anon., 1 Barn. K. B., 402; *Pratt* v. *Meriden Co.*, 35 Conn., 36; Hare on Discovery, Ed. 1876, p. 260; *Goodwin* v. *Cin. Canal Co.*, 18 Ohio State R., 169; 21 Wall [U. S. Sup. Ct.], 616; *Hatch* v. *City Bk. N. O.*, 1 Robinson [Sup. Ct. Louisiana], 470; *Rex* v. *The Hostmen of New Castle*, 2 Strange, p. 1221; Chancery King's Bench Com. Pleas, Exchequer; *Hoyle* v. *P. & M. Co.*, 54 N. Y., 314; *Koehler* v. *Black River Co.*, 2 Black, 715; Vid. cases cited in Green's Brice. *ultra vires*, 400; *Rex* v. *Merch. Tailors' Co.*, 2 Barnwell & Adolphus, p. 117; *The King* v. *The Mer. Tailors Co.*, 2 Barn. & Ad., p. 125; *Hatch* v. *City Bk. of N. O.*, 1 Robinson [Sup. Ct., Louisiana R.], 470.) The writ of mandamus was the appropriate remedy. (High on Ex. Remedies, § 276; *People* v. *Ins. Co.*, 19 Mich., 392; *State* v. *Bd. Trustees*, 4 Nev., 400; *Fireman* v. *Mayor*, 23 Md., 297; *Rex* v. *Windham*, Coup., 377; *Rex* v. *Cambridge*, Burr, 1647; *King* v. *Bland*, 7 Md., 35; *Queen* v. *Kendall*, 1 Ad. & E. N. S., 366; *Richmond* v. *Pa. Ins. Co.*, 34 How. Pr., 195; *Hatch* v. *N. W. R. R. Co.*, MSS.; *Cotheal* v. *Brown*, 1 Selden, 562; *People* v. *Throop*, 12 Wend., 183; High on Ex. Remedies, § 17; *Fremont* v. *Crippen*, 10 Cal., 211; *Etheridge* v. *Hall*, 7 Port., 47; *In re Trustees of Williams-*

*burgh*, 1 Barb., 34; *King* v. *Bank of England*, Doug., 524; *Dodge* v. *Woolsey*, 18 How., 331; 21 Wall, 616; *Mechanics' Bk.* v. *De Bolt*, 18 How., 330; *Coleman's Admrs.* v. *Second Ave. R. R. Co.*, 38 N. Y., 202; *Wynne* v. *Humberstone*, 27 Beav., 421; *Devanes* v. *Robinson*, 21 Beav., 42; *Talbot* v. *Marshfield*, 2 Dr. & Sm., 285; *Spungett* v. *Dashwood*, 2 Gf., 521; *Hardwick* v. *Vernon*, 14 Ves., 510.) The writ of mandamus being an ordinary action at law, between parties in a case where it is an appropriate remedy, lies as well against a foreign as a domestic corporation. (*Comw.* v. *Denison*, 24 How., 66; *Kendall* v. *U. S.*, 12 Pet., 527; *Gilman* v. *Bassett*, 36 Conn., 298; *Aubery* v. *Beuvens*, 6 Tex., 457; *Barnett* v. *Ch. R. R.*, 4 Hun, 114; *Prouty* v. *M. S. R. R.*, id. 665.

*Joseph H. Choate*, for the respondents. The corporation proceeded against is a domestic corporation, of this State. (7 Stat. at Large [Edm's ed.], 529; A. & A. on Corps., § 633; *Sprague* v. *H. P. & F. R. R. Co.*, 5 R. I., 233.) A stockholder has no absolute right to examine the books of a corporation of which he is a member. (Taylor on Ev., § 1346; *Rex* v. *Mer. T. Co.*, 2 B. & A., 115; *Im. Gas Co.* v. *Clarke*, 7 Bing., 95; *B., B. & S. R. Co.* v. *White*, 1 A. & E. [N. S.], 282; 2 Phil. on Ev., 314; *People* v. *Walker*, 9 Mich., 328.) If the L. S. & M. S. R. R. Co. were a foreign corporation, the court would have no authority to issue the mandamus asked for. (*People* v. *P. V. Vein Coal Co.*, 10 How. Pr., 543.)

*Per Curiam.* We are of the opinion that the Lake Shore & Michigan Southern Railway Co. is a domestic and not a foreign corporation, and hence that chap. 165, S. L. of 1842, has no application to this case, but to the transfer agents of such corporations. Being subject to the duties and obligations of the laws relating to domestic corporations, it comes within the provisions of the Revised Statutes, vol. 1, Edm. ed., 558, which contains special provisions in regard to the

books containing the names of stockholders and authorizes an examination of the same within thirty days previous to any election of directors, etc.

We concur with the opinion of the General Term, that this statute does not deprive the stockholder of a corporation of the right to examine its transfer books for proper purposes and on proper occasions at other times, and a proceeding by mandamus may be invoked for the purpose of enforcing such right. But the exercise of the power of the court in granting a mandamus is discretionary, and when the General Term has held that such discretion has been properly exercised in refusing the writ, we are not at liberty to interfere with their decision. It has repeatedly been held in kindred cases by this court, that no appeal lies from such an order of the General Term, and such being the fact, and as the relator had no statutory rights to the writ, the appeal must be dismissed with costs.

All concur, except RAPALLO, J., taking no part.

Appeal dismissed.