PEOPLE *ex rel.* McDONALD *v.* U. S. MERCANTILE REP. CO.

*N. Y. Supreme Court, First District, Chambers; January*, 1888.

1. *Corporation; inspection of stock-book.*] Under L. 1848, c. 40, § 25, stockholders, creditors and their personal representatives have an absolute right during the usual business hours, on every day

except Sunday and July 4th, to inspect the stock book of the corporation.*

2. *The same; mandamus.*] Where it appears upon application for a writ of mandamus to allow a stockholder to inspect the stock book of a corporation under *L.* 1848, c. 40, § 25, that he had applied in person to inspect the book, and that his application was refused, the relator is entitled to the mandamus as a matter of absolute right.

3. *The same; application by attorneys to see stock book.*] But a demand upon the corporate officers to see the stock book is insufficient to found a proceeding for a mandamus to allow inspection, if it is made, not by the relator in person, but by his attorneys at law.

4. *The same; proceeding against corporation.*] Whether, upon refusal of the officers of a corporation to allow a stockholder to inspect the stock book, a proceeding for a mandamus to allow inspection can be maintained against the corporation itself,—doubted.

Application by John McDonald, a stockholder of the U. S. Mercantile Reporting Co., a corporation organized under the Manufacturing Act of 1848 (c. 40), for a peremptory writ of mandamus to the corporation to require it to permit an inspection on behalf of the relator of the transfer book of stockholders of the company.

The application was based on section 25 of the Act of 1848, which provided (same statute, 2 *R. S.* 7 ed. 1736) that the transfer book "shall during the usual business hours of the day on every day except Sunday and the fourth day of July, be open for the inspection of stockholders and creditors of the company and their personal representatives at the office or principal place of business of such company in the

---

* See Kelsey *v.* Pfaudler Process Fermentation Co., 41 *Hun,* 20 (penalty not incurred by officer's failure to exhibit transfer book on request of stockholder, where officer requests him to wait until next day because the book is locked up in safe, and clerk having combination absent).

Compare People *ex rel.* Del Mar *v.* St. Louis, etc. Ry. Co., 19 *Abb. N. C.,* 1 (granting mandamus to a foreign corporation, having an agency in this State, to allow a stockholder to inspect the transfer book, under *L.* 1842, c. 165).

People *ex rel.* McDonald *v.* U. S. Mercantile Rep. Co.

county where its business operations shall be located, and any and every such stockholder, creditor or representative shall have a right to make extracts from such book."

-. Further facts appear in the opinion.

*Carter, Hughes & Cravath,* for the relator.

*Kelly & Macrae,* for the respondent.

ANDREWS, J.—Where no statutory right to inspect the books of a corporation exists, the granting or refusing a writ of mandamus to compel the officers of such corporation to allow a stockholder to make such inspection is discretionary. (Matter of Sage, 70 *N. Y.* 220; People *ex rel* Hatch *v.* Lake Shore, 11 *Hun,* 1.)

This application, however, is made to enforce a right to inspect the stock books, which is expressly given by section 25 of chapter 40, of the laws of 1848; and the cases above-mentioned do not apply. Under that section, stockholders, creditors, and their personal representatives have an absolute right during the usual business hours on every day except Sunday and the fourth day of July, to inspect the stock book; and it is declared that every officer or agent of every company incorporated under that act, who shall refuse or neglect to exhibit such book or allow the same to be inspected, and extracts to be taken therefrom, shall be deemed guilty of a misdemeanor, and shall pay to the party injured fifty dollars, and the company neglecting to keep such book open for inspection shall forfeit to the people fifty dollars for every day it shall so neglect. If, therefore, the relator had applied in person to inspect the stock book, and such application had been refused, the court would have no discretion in the matter, and upon the proper papers the writ of mandamus, requiring the officers to allow him to inspect the book, would be granted as a matter of absolute right.

The demand upon which this proceeding is based, however, was not made by the relator in person, but by his attorneys at law, and I do not think that upon such demand

a writ can be granted requiring the respondent to permit such attorneys to inspect the book. The statute is highly penal and must be strictly construed. Upon the theory of the relator's attorneys, the president of the company has already, by his refusal, been guilty of a misdemeanor and is liable to be indicted and sent to the penitentiary for a year; and he and the company, upon the same theory, have already incurred heavy pecuniary penalties and forfeitures.

In view of what is said in People *ex rel.* Hatch *v.* Lake Shore (*supra*) it may be doubted whether, even if a proper demand had been made, this proceeding could be maintained against the company itself, but as I am of the opinion that no such demand has been made, and that the writ could not issue even to the officers of the company in favor of the attorneys at law of the relator, the motion will be denied, with $10 costs.