THE PEOPLE ex rel. HENRY D. NICHOLL, Appellant, *v.* THE NEW YORK INFANT ASYLUM, Respondent.

The writ of mandamus will not issue in case of doubtful right.

The recognition of a person as a manager of an incorporated society by the other managers, under a mistaken supposition that he was duly elected as provided by the charter is not, as between the person and the society, and where the public or third persons are not concerned, equivalent to, nor can it be made available as an election.

In proceedings by mandamus, the relator sought to be restored to the office of manager of the defendant, a corporation, organized under

and by special charter (Chap. 106, Laws of 1865). The relator's affi-davit recited that he was elected a member of the board, and there-after entered upon the duties of his office and continued to act for a year, during which period he was duly recognized as a manager by the other managers, and was by them elected secretary and member of a committee, which positions were by the charter required to be held by managers. The defendant in its return to the writ denied that the relator was duly elected to the office of manager, for the reason that by the charter, no election could be held to fill a vacancy in the board without the presence of a majority of the managers, and that, at the pretended election of the relator, a majority was not present. Defendant also averred that during the time the relator was recognized as one of the managers, the invalidity of his election was not known to the defend-ant. The averments of the return were proved and found; also, that after the alleged election was declared void, another was elected to fill the vacancy, who had entered upon the performance of his duties. *Held,* that the writ was properly denied.

(Argued June 26, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 17, 1887, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Edward C. Perkins* for appellant. The board of managers had no authority and no jurisdiction to institute an inquiry into and to try before themselves the question of the validity or regu-larity of the previous election of one of its members, and its action in so doing was, therefore, illegal and is of no effect. (Code Civ. Pro. § 1948; 1 R. S. tit. 4, chap. 18, § 5; *H. R., etc., Co.* v. *Kay,* 14 Abb. Pr. [N. S.] 191; *Harth* v. *Harvey,* 19 How. Pr. 245; *Commonwealth* v. *Garrigue,* 28 Penn. St. 19; *Smith* v. *Lockwood,* 13 Barb. 217; *Dudley* v. *Mayhew,* 3 N. Y. 19; *Coulter* v. *Murray,* 15 Abb. Pr. [N. S.] 134; *Thompson* v. *Society of Tammany,* 17 Hun, 305; *Johnston* v. *Jones,* 32 N. J. Eq. 216.) The action of the board of managers was illegal and improper, for the further

reason that it was taken without any previous notice to the relator. (*People* v. *S. F. Soc.*, 24 How. Pr. 216; *People ex rel.* v. *Nichols*, 79 N. Y. 592; *Fisher* v. *Keane*, L. R. [11 Ch. Div.] 353; *Innes* v. *Wylie*, 1 C. & K. 262.) The relator is entitled to be restored to the position which he occupied before he was illegally removed by the board; and the proper remedy for this purpose is the writ of mandamus. (High on Ex. Rem. §§ 294, 298; *Fuller* v. *Trustees, etc.*, 6 Conn. 532; *Green* v. *A. M. Society*, 1 S. & R. 254; *People* v. *A. M. College*, 10 Abb. [N. C.] 122; 34 Hun, 268.) This is. not a proceeding to try title, and the court will not here inquire into the regularity of the relator's election. (*Fish* v. *Weatherwax*, 2 Johns. Cas. 217, 256; Angel & Ames on Corp. § 702.) The election and re-election of the relator to the offices of secretary and of member of the executive and medical committees (offices which by the by-laws can be filled only by a manager), by a majority competent to elect to membership, and his recognition as a member by such a majority, by their acquiescence in his assumption of the office and by their attempting to try him for misconduct as a manager, cured the defect, if any, in his original election. (*People ex rel.* v. *A. M. College*, 10 Abb. [N. C.] 122.)

*Clark Bell* for respondent. An appeal does not lie from an order of the General Term refusing a mandamus. (1 Black. Comm. 239; *People* v. *Booth*, 49 Barb. 31; *Van Rensselaer* v. *Sheriff*, 1 Cow. 512; *In re Sage*, 70 N. Y. 223; Code, § 190, subd. 2; *Coit* v. *Seward*, 50 N. Y. 17; *Wilkin* v. *Raples*, 52 id. 248; *People* v. *Campbell*, 72 id. 499; *People* v. *Clyde*, 69 id. 604; *People* v. *Ferris*, 76 id. 326; *Slavin* v. *Wendell*, 71 id. 171; *In re Dederick*, 77 id. 595; *People* v. *Thompson*, 99 id. 641.) The charter of respondent as to election of managers is to be strictly construed. (5 Davis' Abr. 150; *Ex parte Willcox*, 7 Cow. 402; *Price* v. *Railway*, 13 Ind. 58; 4 T. R. 823; *Rex* v. *Miller*, 6 id. 268; *Fish* v. *Weatherwax*, 2 Johns. Cas. 256; *People* v. *Phillips*, 1 Den. 388; Glover on Corp. 673; *State* v. *Porter*, 14 N. E. Rep. 833.)

Unless it can be shown that the respondent is bound to contravene the legislative enactments, the mandamus should not be granted. (*People* v. *Hayt*, 66 N. Y. 606; 7 Hun, 39; *Beal* v. *Ray*, 17 Ind. 558; *Johnson* v. *Lucas*, 11 Humph. 306; *Atty.-Genl.* v. *Loch*, 3 Ark. 166; *McCullough* v. *Moss*, 5 Den. 575.) There can be no such officer as an officer *de facto*, as against the people in an action at the suit of the people to try the title to the office. The relator has no *locus standi.* (*People* v. *A.*, etc., *R. Co.*, 55 Barb. 346; *Boardman* v. *Halliday*, 10 Paige, 232.) The order appealed from should not be reviewed in this court, if there is otherwise an adequate remedy. (*People* v. *Common Council*, 78 N. Y. 61; *People* v. *C. A. Bd.*, 49 Barb. 264; *In re Gardner*, 68 N. Y. 471; 5 Hill, 616; *Clarke* v. *Miller*, 54 id. 534; Tapping on Mandamus, 26.) The principle *lex non cogit ad vana seu inutilia* applies to the relator's application for a mandamus under the circumstances of this case. (*People* v. *Bd. Suprs.*, 12 Barb. 217; *People* v. *Schisllein*, 95 N. Y. 125; *People* v. *R. Co.*, 58 id. 163; *R. Co.* v. *Davis*, 43 id. 137; *People* v. *Tremain*, 29 Barb. 96; *Johnson* v. *Lucas*, 11 Humph. 306; *King* v. *Sanchar*, 2 Show. 67.) A writ of mandamus will not issue in case of doubtful right. (*People* v. *C. A. Bd.*, 49 Barb. 264; *People* v. *Bd. Suprs.*, 11 N. Y. 563; *People* v. *Hawkins*, 46 id. 9; *People* v. *Canal Bd.*, 13 Barb. 444; *In re President*, etc., 14 Johns. 416; *People* v. *Bd. Suprs.*, 64 N. Y. 600; *People* v. *Campbell*, 72 id. 498, *In re Gardner*, 68 id. 467, 471; 2 Crary's Pr. 59–61; *People* v. *Lane*, 55 N. Y. 217; *People* v. *City of New York*, 13 N. E. Rep. 920; *People* v. *Church*, 53 N. Y. 110.) The order appealed from should not be reviewed in this court unless it appears that there is a clear right. (*People* v. *Common Council*, 78 N. Y. 61; *People* v. *C. Bd.*, 27 id. 381; *People* v. *Ransom*, 2 id. 490; *People* v. *Bd. Suprs.*, 11 id. 563; *People* v. *Hawkins*, 46 id. 9; *Slavin* v. *Wendell*, 71 id. 171; *People* v. *Lane*, 55 id. 219; *People* v. *Booth*, 49 Barb. 31; *People* v. *Bd. Suprs.*, 64 N. Y. 604; *People* v. *E. M. Society*, 32 id. 187.) The relator was bound to make out a case for the man-

damus which he seeks; he has utterly failed to do so. (*People v. Green*, 58 N. Y. 276.) The relator, if he has any remedy, has mistaken it. Inasmuch as Mr. Quintard has been duly elected to fill the vacant office, Dr. Nicoll's claim thereto can only be tried on quo warranto. (*People* v. *Albany*, 11 Abb. [N. S.] 4; *People* v. *Common Council*, 3 N. Y. 81; *People* v. *Common Council*, 22 Barb. 404; *Mayor, etc.*, v. *Conover*, 5 Abb. Pr. 171; *In re Gardner*, 68 N. Y. 471; *People* v. *Mayor*, 3 Johns. Cas. 79; *People* v. *Stevens*, 5 Hill, 628; *Morris* v. *People*, 3 Den. 396; *Hartt* v. *Harvey*, 19 How. Pr. 258; Tapping on Mandamus, 18.)

Potter, J. The relator is seeking through the process of mandamus to be restored to the office of manager of the respondent. The respondent is a corporation created by an act of the legislature of New York, passed March 7, 1865.

By section third of that act, it is provided that "the property, business and affairs of the said corporation should be managed by a board of at least seventeen members, and that said board might be increased to not exceed thirty." Pursuant to the authority in said act, the number of managers of the said corporation was, prior to March, 1884, increased, and now is twenty-eight. By section four of said act it is provided as follows: "At all meetings of the managers five members shall constitute a quorum for the transaction of ordinary business, but no purchase, sale or other disposition of real estate, nor appointment or removal of any officer of the corporation, nor election to fill a vacancy in the board, nor any contract involving an expenditure of more than $500, shall be made, nor shall the number constituting the board of managers be increased, nor any by-law adopted, amended or appealed, without the presence of a majority of the managers."

The relator sets forth in his affidavit for the writ of mandamus, as the ground of his right to the relief sought, that he was elected a member of the board of managers on or about the 18th of March, 1878, and that thereafter he entered upon

the duties of the office as manager in connection with the other managers of the respondent and so continued to act until the 18th of March, 1884, and was duly recognized during that period as a manager by the other managers and was by them elected several times as secretary and once as one of the executive and medical committee.

The respondent, in the return to the writ of alternative mandamus, denies that the relator was duly elected to the office of manager for the reason that the requisite number of managers according to said section four was not present at the pretended election of the relator, and in answer to the fact that the relator had been recognized as one of the managers and elected secretary and one of the executive and medical committee, the return sets forth that the fact that the election of the relator was invalid for that reason, was not known to the respondent during that period.

Upon the trial it was found as a fact, indeed, it was conceded by the relator, that a majority of the board of managers was not present at the meeting at which it was claimed that the relator was elected. There is no other mode provided by the act incorporating the respondent for the election of managers than by the vote of a majority of the managers. It follows that the relator has no right or title to the office by election.

It is sought, however, to sustain such title from the recognition he received as manager from the other managers. We have not been referred to any case and we do not think there is any rule of law holding that a recognition, especially one resting upon a mistaken supposition, is the equivalent or can be made available as the election provided by the charter of the respondent.

There is a class of cases in which parties and public officers standing in certain relations will be estopped or be precluded from questioning the official character and the effects of official conduct.

It is well settled that the acts of an officer *de facto* are valid when they concern the public or a third person having

an interest in the official act. (*People* v. *Stevens*, 5 Hill, 616, 630 ; *People* v. *A. & S. R. R. Co.*, 55 Barb. 346.) But this is not a case of that class. In this case the relator is seeking to have himself restored to an office to which he claims he was elected, but from which he has been deposed. It is, therefore, the simple question between the relator and the respondent whether the former is an officer of the latter or not.

The facts that the relator was elected secretary of the board of managers and that only a manager is eligible by the by-laws to the office of secretary, signify nothing more than that the board of managers was guilty of two mistakes instead of one. This case affords another illustration of the general rule that one mistake begets another. The offspring has the same infirmity that its ancestor had when it was begotten. It is argued that the illegal election of the relator is legalized by his illegal election to the office of secretary. This will not satisfy the requirement of the statute or of sound reasoning.

It appears from this that the relator was never legally elected and is not entitled to hold the office of manager of the respondent.

It is well settled that the writ of mandamus will not issue in case of doubtful right. (*People ex rel. Mott* v. *Board Suprs. Green Co.*, 64 N. Y. 600.)

Hence, if it were not so clear that the relator had no title to the office, but was a question of serious doubt, then, in such case, this court would not review the discretion exercised by the General Term in refusing the mandamus and reverse its determination. (*Goddard* v. *Stiles*, 99 N. Y. 640 ; *People ex rel. Lunney* v. *Campbell*, 72 id. 496.)

The finding of fact that a majority of the board was not present when it is claimed the relator was elected to the office of manager and the views above expressed of the nature and office of the writ of mandamus, it seems to us should lead to an affirmance of the judgment appealed from. But if it was proper and we were disposed to review the reasons for refusing the peremptory mandamus, such review would lead to an affirmance of the judgment. It was found by the learned

trial judge that after the alleged election of the relator was declared to be illegal and void, and that a vacancy accordingly existed, George A. Quintard was elected to fill the vacancy and had entered upon the performance of his office as manager before this proceeding was instituted. The practical question then in this case is, whether the relator or Mr. Quintard is legally possessed of and entitled to the office of manager.

As was said by Judge MILLER, in delivering the opinion of the court in the *Matter of Gardner* (68 N. Y. 469), "The proceeding is but a mode of testing the right of the relator to the office in question in disregard of the usual course by quo warranto." "Such a mode of testing the right to the office would be unusual, extraordinary and adverse to all rules and precedents which the law has established, and cannot be upheld."

"It was settled at a very early period in this state that when a person is already an officer by color of right, the court will not grant a mandamus to admit another person who claims to have been duly elected, and that the proper remedy is by an information in the nature of quo warranto." (*People* v. *Stevens*, 5 Hill, 616; *Morris* v. *People*, 3 Den. 381; Code Civ. Pro. § 1948, subd. 1.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.