THE PEOPLE *ex rel.* THE NEW YORK UNDERGROUND RAILWAY COMPANY, Appellant, *v.* JOHN NEWTON *et al.*, Respondents.

*Court of Appeals, April 28, 1891.*

*Appeal. Discretion.*—The court of appeals has no jurisdiction to review the discretion of the court below in denying a motion for a writ of peremptory mandamus, where such denial rests in the exercise of its sound discretion.

Appeal from judgment of the New York superior court, general term, affirming order and adjudication of special term after a verdict, refusing to grant a writ of *mandamus* to compel the commissioner of public works to allow relator to construct its road through certain streets.

*Edward Winslow Paige* and *George Hoadley*, for appellant.

*D. J. Dean*, for respondents.

PER CURIAM.—The relator claims to have derived title under foreclosure proceedings to the property and franchises of the New York City Central Underground Railway Company, which was incorporated by the act, chapter 230 of the Laws of 1868; and no proceedings, so far as this record discloses, having before been taken for the actual construction of the road authorized by the act, in May, 1888, twenty years after the passage of the act, it applied to the superior court by petition for an alternative writ of *mandamus* to compel the commissioner of public works to issue to it a permit to enter upon the streets along its route for the purpose of commencing the construction of its road. The alternative writ was issued, and the return to it was made, and, subsequently, before the trial of the issues raised by the return, the defendants filed a further supplemental return, in which they alleged that on the 14th day of January, 1890, an action was commenced in the supreme court by the People against the relator through the attorney-general by leave of the court to dissolve the relator, to vacate its charter and to annul its corporate existence. A copy of the complaint in that action was annexed to the return and made a part thereof, and the defendants averred upon information and belief that the facts alleged in that complaint were true. The issues raised by the two returns to the writ were brought to trial in the superior court before a jury, and at the close of the evidence the court directed the jury to find certain facts, and thereafter, upon the writ, the returns and the finding of the jury, a motion was made at a special term for a peremptory writ of *mandamus*, which was denied, and the appeal here is from the order of the general term affirming the action of the special term which denied the writ.

At the time the peremptory writ was applied for, the action brought by the People to dissolve the relator, to vacate its charter and annul its corporate existence was pending,

and in that action, as we learn from the statement in the points submitted on behalf of the relator, counsel for the People applied to the court for an injunction to stay this proceeding, and the court denied that motion upon the stipulation of the relator that it would not apply to open the streets under the permit which might be obtained through the *mandamus* in this proceeding until the People's action had been defeated.

Under such circumstances it was, at least, discretionary whether or not the court would issue the peremptory writ of *mandamus.* It would certainly have been an unwise and inconsiderate exercise of discretion for the court to issue the *mandamus* during the pendency of that action aimed at the life of the corporation. In case of the success of the People in that action the writ of *manadmus* could serve no purpose and would be abortive. Certainly, in the face of the stipulation that no permit should issue until the determination of that action, the court should not at the time this writ was denied have granted it. A decision to grant the writ would have been simply experimental, and that under such circumstances the court could, and in the exercise of a sound discretion, should have denied the writ, is clear upon authority. Matter of Sage, 70 N. Y. 220 ; People *ex rel.* Slavin *v.* Wendell, 71 Id. 171 ; People *ex rel.* Faile, 76 Id. 326 ; People *ex rel.* Gas Light Co. *v.* Common Council, 78 Id. 56 ; People *ex rel.* Millard *v.* Chapin, 104 Id. 96 ; People *ex rel.* Nicholl *v.* N. Y. Infant Asylum, 122 N. Y. 190.

As we have no jurisdiction to review the discretion of the court below, the appeal should be dismissed, with costs.

All concur, except GRAY, J., not voting.