(34 Misc. Rep. 326.)

PEOPLE ex rel. BERKELEY v. NEW YORK CASUALTY CO. et al.

(Supreme Court, Special Term, New York County. March, 1901.)

MANDAMUS—TITLE TO CORPORATE OFFICE.

    One formerly holding the offices of secretary and director of a corporation, who has been deposed therefrom, cannot maintain mandamus against the corporation, nor attack the title of a successor elected to fill the offices formerly held by him, on the ground that a policy necessary by the constitution of the corporation to his holding such offices has been

illegally canceled by it, and that he has been illegally deposed from office, where the corporation answers that he never legally held such offices; but his remedy is by an action in the nature of quo warranto.

Application by the people, on the relation of Frederick D. Berkeley, for a writ of mandamus to the New York Casualty Company and others. Motion denied.

Hornblower, Byrne, Miller & Potter (William B. Hornblower and Albert S. Bard, of counsel), for relator.

Kenneson, Crain, Emley & Rubino (Jay Noble Emley and Thaddeus D. Kenneson, of counsel), for respondents.

LEVENTRITT, J. The peremptory writ of mandamus prayed for cannot be allowed. The undisputed facts do not establish a clear, unequivocal right to the relief sought. Issues of fact on material questions are raised by the return, which, at best, would permit the allowance of an alternative writ; but I am satisfied that the relator has mistaken his remedy, and that he must seek redress by resort to the code action substituted for the ancient quo warranto proceedings. The relator claims that he is still the secretary and a director of the defendant corporation, and asks that he be accorded inspection of the latter's books and papers, and be restored to the possession of those offices from which he claims he was illegally ousted. Obviously, his right to an inspection is involved in the right to hold the positions he claims. I do not deem it necessary to enlarge upon the volume of facts, allegations, counter allegations, affirmations, and denials contained in the voluminous affidavits. Much of the matter is quite irrelevant, and has no bearing upon the merits of this motion. Reduced to its lowest terms, this case resolves itself to this: The relator claims that his policy was illegally canceled, and that he was thereupon illegally deposed and ousted as secretary and director. It may be conceded that the steps adopted by the defendant corporation to rid itself of the relator and certain associates were, to say the least, arbitrary, and not orderly. But the defendants claim that the relator was never legally the secretary, and never legally a director in the defendant corporation. If they can establish their claims, it will follow, first, that the election of the relator as secretary was void. At the time of his election as secretary the relator was not a policy holder, which was in violation of the by-laws and state laws then in force, requiring directors to be policy holders, and requiring the secretary to be a director. It will follow, secondly, that he was not a director, inasmuch as the policy through which he claims to derive his rights in the premises was issued to himself by himself at a time when he had no authority to do so, and because all subsequent acts, whether he was a de jure or a de facto secretary, are tainted with the initial vice. Other considerations are urged to show that the relator never legally stood in any official relation to the defendant corporation, but the issue is sufficiently presented by the facts adverted to. It seems quite clear to me that, whatever the relator's grievance may be, the question, as it now comes before the court, involves a disputed title to office, and that the rights of the respective parties must be tested by

an action of quo warranto. A successor to the relator has been elected both as director and as secretary. There can be no attack against the present incumbent of both offices that he has not been regularly elected, and is not at least de facto director and secretary. Under the circumstances, and the relator having, on the showing of the return, no prima facie title to the offices, he should, within the authorities, be remitted to an action of quo warranto. Wood, Mand. 196; People ex rel. Nicholl v. New York Infant Asylum, 122 N. Y. 190, 25 N. E. 241, 10 L. R. A. 381; In re Gardner, 68 N. Y. 469; People v. Dikeman, 7 How. Prac. 124; People v. Mayor, etc., of City of New York, 3 Johns. Cas. 79. The relator does not claim that the writ would try his title, or confer title to the office, but simply asks to be placed in his old position, "whatever it may be worth." The court, however, is not disposed to exercise the discretion vested in it, even on application for mandamus, to grant this extraordinary writ where it will accomplish nothing. The turn affairs have taken presents a practical question to the court. On the merits, a very serious point is raised whether the relator had, at any time, any right to the offices he seeks to regain. In the Nicholl Case, supra,—the facts of which are similar to the one at bar, and which I regard as controlling, despite the refined distinctions invoked by the relator,—a manager or director, Quintard by name, who claimed to have been illegally ousted, was met by the counter allegation that he was never legally elected to the office. The court, following In re Gardner, supra, denied the right to a mandamus, holding: "Such a mode of testing the right to the office would be unusual, extraordinary, and adverse to all rules and precedents which the law has established. * * * The practical question * * * in this case is whether the relator or Mr. Quintard is legally possessed of and entitled to the office of manager." The main cases relied on by the relator I do not find in point. People v. Throop, 12 Wend. 183, in no wise involved the title to office. There the decision was that if the relator, as director, had a right to the inspection of the books of the bank, mandamus was the appropriate and only remedy. The relator also cites People v. Steele, 2 Barb. 397, a special term decision, as the leading and controlling authority in this state. That case has been several times limited, and is not, to my mind, in point. People v. Dikeman, supra; People v. New York Post-Graduate Medical School & Hospital, 29 App. Div. 245, 251, 51 N. Y. Supp. 420. There being a recognized itinerancy of the priesthood with the right in the bishop to appoint preachers, and the bishop having appointed one to a Methodist Episcopal church of his conference, it was held to be an act of insubordination on the part of the trustees of the church to refuse to accept him, and to put another in his place. On these facts, People v. Steele cannot, strictly speaking, be said to involve the title to office where there has been intrusion under color of right. The third authority relied on is Railway-Frog Co. v. Haven, 101 Mass. 404. There, however, the application was by the corporation itself to compel the surrender to the lawful officers of books and papers held by persons actually, but unlawfully, exercising the functions of those offices. It was held that quo warranto would not lie, but the court say: "If a petition for man-

damus were literally in the name and for the benefit of a claimant of
an office against an actual incumbent, the parties would be left to
a quo warranto." That is this case. I can see nothing final result-
ing from an allowance of this writ under the circumstances of this
case, and, even had I discretion in the premises, I should be disposed
to exercise it in favor of the defendants.

Motion denied.