In the Matter of the Application of JAMES R. CULLEN, Appellant, for a Writ of Peremptory Mandamus against NEW YORK TELEPHONE COMPANY, Respondent.

*Mandamus — its issue is discretionary — when denied in the absence of an assurance that premises, in which it is sought to compel a telephone company to put a telephone instrument, are not to be used for illegal purposes.*

The writ of mandamus will not issue in cases of doubtful right, and may, in the exercise of judicial discretion, be sometimes refused even where the applicant has a cause of action enforcible in a suit for damages.

Where the police of a city have removed a telephone from certain premises on the ground that such premises were used as a pool room, the telephone com-

pany may, as a condition of complying with the request of a new tenant of the premises for the installation of a telephone therein, properly require the applicant to give written assurance that he does not intend to use the telephone for illegal purposes and to give the company a reference as to his character.

If the applicant refuses to comply with such conditions the court is justified in refusing to issue a mandamus requiring the telephone company to install the telephone.

APPEAL by the petitioner, James R. Cullen, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of March, 1905, denying the petitioner's motion for a peremptory writ of mandamus.

*Louis H. Reynolds,* for the appellant.

*John H. Cahill,* for the respondent.

WILLARD BARTLETT, J.:

We are not prepared to say that the discretion of the learned judge at Special Term was improperly exercised in this case in denying the appellant's application for a peremptory writ of mandamus commanding the respondent to install a telephone instrument in the cigar shop of the appellant and to render him the customary telephone service in connection therewith. The writ of mandamus will not issue in cases of doubtful right. (*People ex rel. Nicholl* v. *New York Infant Asylum,* 122 N. Y. 190.) Indeed, it may often properly be refused in the exercise of judicial discretion even where the applicant has a cause of action enforcible in a suit for damages. The papers presented to the court at Special Term in this case set out facts and circumstances warranting a suspicion on the part of the police authorities that the premises of which the appellant's cigar shop form a part were used for poolselling purposes prior to the beginning of his tenancy, and also indicating his presence in and about the place so frequently as to justify the inference that he may well have been cognizant of the fact that the law had thus been violated there. On one occasion during the period when he was a frequent visitor, several persons were arrested by the police there upon the charge that they were engaged in the business of selling pools on horse races, in violation of section 351 of the Penal Code. A telephone instrument which had been installed by the respondent

for the service of an express company had been removed by the police, and the restoration of the service refused without the institution of any legal proceedings to compel its restoration. In behalf of the appellant it is insisted that he is not chargeable with knowledge of these transactions antedating his tenancy; but, as I have intimated, his frequent visits, which are stated to have numbered more than three or four a week between the 1st day of March, 1904, and the 12th day of February, 1905, render it somewhat improbable that he did not know what was going on. However this may be, it is to be noted that, according to the appellant's own affidavit, the refusal of the respondent to furnish him with a telephone instrument and service was not absolute in character. His application was made to Mr. W. F. Baker, the contracting agent of the respondent, who, at the close of the interview, told the appellant's counsel that if Mr. Cullen would write a letter to the telephone company stating that he would not and did not intend to use the telephone for illegal purposes and would give the company a reference, " he would take up the matter with the general manager of the company."

Under the circumstances, this does not seem to us to have been an unreasonable requirement. The New York Telephone Company had been informed by the police department that the premises had been used as a pool room. It was also aware that a telephone which it had previously installed therein had been removed therefrom by the police. The officers of the company might not unreasonably apprehend that they would render themselves liable for aiding and abetting a violation of the law if they furnished further telephone service to the premises in view of this information. It was quite proper, therefore, for them to request the assurance from the appellant which the contracting agent suggested, and for them, also, to require the appellant to furnish a reference as to his character. The action of the corporation in refusing to comply with the appellant's demand until the assurance and reference thus requested should be supplied was not a final refusal. The statement of the contracting agent that he would thereupon take up the matter with the general manager of the company was a promise to act upon the application thereafter with an open mind and a fair consideration of the whole case, such as might lead the company to

put in the desired instrument and serve the appellant as a telephone subscriber. This attitude on the part of the defendant corporation, if nothing else, justified the court at Special Term in denying the appellant's application for the discretionary and prerogative writ of mandamus.

The order appealed from should be affirmed.

HIRSCHBERG, P. J., WOODWARD, JENKS and MILLER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.