(76 Misc. Rep. 337.)

### BURKE v. CONNOLLY, President of Borough of Queens.

(Supreme Court, Special Term, Queens County. April 22, 1912.)

1. MANDAMUS (§ 181*)—APPLICATION FOR PEREMPTORY WRIT—OPPOSING AFFIDAVITS.

The court on an application for a peremptory writ of mandamus must, for the purposes of the application, take as true the facts set out in the opposing affidavits.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. § 181.*]

2. MUNICIPAL CORPORATIONS (§ 159*)—CIVIL SERVICE—REMOVAL—HEARING.

The hearing contemplated by State Civil Service Law (Consol. Laws 1909, c. 7) § 22, and Greater New York Charter (Laws 1901, c. 466) § 1543, prohibiting the removal from office, except for incompetency or misconduct shown after a hearing on due notice, is a hearing before the officer or body having the power of removal, and a hearing before a grand jury at which an employé in the classified service testified with knowledge that he was charged with specific wrongdoing followed by an indictment charging him with such wrongdoing is not the hearing required.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 350–356; Dec. Dig. § 159.*]

3. MANDAMUS (§ 77*)—REMOVAL OF EMPLOYÉ IN CLASSIFIED SERVICE—REINSTATEMENT.

Where an employé in the classified service was removed pending the determination of indictments against him, and he was acquitted on one indictment and the other indictments were dismissed, and his voluntary testimony before the grand jury returning the indictments showed a disregard of his obligation to protect the public interests and an unfitness for the office which he held, mandamus will not lie to compel his reinstatement because, on his reinstatement, it would be the duty of his superior officer to remove him for his previous misconduct.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–169; Dec. Dig. § 77.*]

4. MANDAMUS (§ 7*)—DISCRETION OF COURT.

The writ of mandamus is a prerogative writ, and the court may, in its discretion, refuse to issue it, and it should not issue to compel a technical compliance with the letter of a law in violation of its intent.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 5; Dec. Dig. § 7.*]

Application for a writ of peremptory mandamus by Frank H. Burke against Maurice E. Connolly, as President of the Borough of Queens, to compel the reinstatement of the applicant in the position of foreman in the Bureau of Highways in the office of the President of the Borough of Queens. Denied.

Eugene N. L. Young, for relator.

Archibald R. Watson, Corp. Counsel (Edward S. Malone, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. BENEDICT, J.   This is an application for a peremptory writ of mandamus to compel the reinstatement of the applicant or relator in the position of foreman in the bureau of highways in the office of the president of the borough of Queens. Although the relator's affidavit . in this proceeding prayed only for the issuance of a peremptory writ without any reference to the granting of an alternative writ, the counsel for the relator in his brief assumed without warrant that the relator had applied for an alternative writ in the event that the denials in the opposing affidavits were such as to render it impossible to grant a peremptory writ. If my decision on this application were predicated upon any material controversy as to the facts in this case, there might be some slight ground for this contention, under the decision in the Appellate Division of the First Department in Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420, wherein, by a divided court, it was held that, where the material allegations of the petition are controverted, the court might grant an alternative writ even if not prayed for in a case where, if not granted, lapse of time would be a bar to a new proceeding, but, as will be shown later on, the decision herein has been reached upon facts concerning which there can be no controversy.

The relator had held the position in which he seeks to be reinstated for some time prior to the 26th day of November, 1910, on which day the grand jury of the county of Queens found a number of indictments against him charging him with forgery and grand larceny. On the same day the acting borough president of Queens caused a written notice to be served on relator, which read as follows:

"The City of New York.

"Offices, Commissioner of Public Works of the Borough of Queens.

"Long Island City, November 26, 1910.

"WHB/H

"Walter H. Bunn,

"Commissioner.

"Mr. Frank H. Burke, 158 Nott Avenue, Long Island City, N. Y.

"Dear Sir: You are hereby suspended as a foreman in the bureau of highways of the borough of Queens, pending the trial of the indictments returned against you.

"Yours truly,          Walter H. Bunn,

"Acting President of the Borough of Queens."

Since the time of such separation from the public service relator has not been permitted to perform the duties of the position in question, nor to receive the salary attached thereto.   He was tried on one of the indictments which had been found against him in February, 1911, and acquitted, and on October 19, 1911, on motion of his counsel, the other indictments were dismissed.   In the meantime Lawrence Gresser, who was the borough president when petitioner received the notice above mentioned, had been removed from office by the Governor, and the respondent Connolly had been elected pursuant to statute in his stead.

[1] The relator applied to the respondent Connolly for reinstatement, but this was refused.   He now brings this proceeding for reinstatement, claiming that because the position in question is in the

classified civil service, and also because he is a veteran volunteer fireman, he was entitled under the Civil Service Law, before being removed from his position, to have charges preferred against him, and to be given an opportunity to be heard or to make an explanation.   The particular derelictions with which relator was charged before the grand jury were that he added to the time sheets turned in by the assistant foreman under him the names of persons who had done no work whatever for the city, with the result that public funds were unlawfully paid out to these persons without anything having been done on their part to earn the moneys so paid.   These facts are set out in the opposing affidavits, and for the purposes of this application the allegations thereof must be taken as true.   People ex rel. City of Buffalo v. N. Y. C. & H. R. R. Co., 156 N. Y. 570, 575, 51 N. E. 312;  People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637;  People ex rel. Dady v. Coler, 171 N. Y. 373, 64 N. E. 149.

Taking, then, these allegations as true, this court is asked to reinstate applicant in an office by means of its peremptory writ of mandamus from which upon reinstatement it will be the duty of the borough president immediately to remove him, on account of previous misconduct, which clearly demonstrated his unfitness to hold such an office.   Such reinstatement would probably, however, enable him ultimately to recover salary for the period from his suspension until his reinstatement.   In fact, the prayer of the relator includes this as part of the relief asked for by him, although such prayer is improper in the present proceeding.

[2] It may serve a useful purpose to consider first the statutes under which the relator is proceeding.   Section 22 of the State Civil Service Law provides in part as follows:

"No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employé or appointee to a review by a writ of certiorari."

Section 1543 of the Greater New York Charter contains the following provision:

"But no regular clerk or head of a bureau, or person holding a position in the classified municipal civil service subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board or borough president, and a copy filed with the municipal civil service."

The applicant in this case was never formally removed.   He was "suspended" from his position until the determination of the indictments pending against him, and now that the indictments have been disposed of, by his acquittal on the trial of one of them, and the dismissal of the others, the borough president refuses to restore him to the duties and emoluments of the position in question.   It will be proper, therefore, to treat the case as if the applicant had in

terms been removed from office; for he has in fact and in effect been removed or separated therefrom.

It was earnestly contended on the argument that the hearing before the grand jury at which the relator testified, and where it was made known to him with what wrongdoing he was charged, constituted such a hearing as is contemplated by the statutory provisions above quoted. I cannot see any merit in this contention. The hearing contemplated must obviously be a hearing before the officer, board, or body having the power of removal. Accordingly I conclude that the applicant was not de jure removed from his position, although he was de facto separated therefrom.

[3, 4] It does not follow, however, that the court is obliged to grant a writ of mandamus to restore relator to a position from which, as already stated, he should and must again immediately be removed and thereby give him a color of claim to back salary. Every consideration of public policy is against the granting of the writ for any such purpose; and I am convinced by the authorities both in this country and in England that there resides in the court a discretion to refuse the writ, when to grant it would be inimical to the public interests. In other words, that the writ is prerogative in its character to the extent at least that its issue rests in the sound discretion of the court.

In People ex rel. Wood v. Assessors, 137 N. Y. 201, 33 N. E. 145, the Court of Appeals, per Judge Earl, with whom all the Judges concurred, said:

"The writ of mandamus is not always demandable as an absolute right, and whether it shall be granted or not frequently rests in the discretion of the court. * * * The writ will be granted to prevent a failure of justice, but never to promote manifest injustice. It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands, and he cannot invoke this extraordinary remedy, as in this case, to evade the payment of his just portion of a tax by taking and claiming the advantage of a confessed mistake."

In People ex rel. Durant Land Improvement Co. v. Jeroloman, 139 N. Y. 14, 34 N. E. 726, Peckham, J., with whom all the judges of the Court of Appeals concurred, said:

"A mandamus is only granted in the sound discretion of the court. This discretion is not, of course, a capricious or arbitrary exercise of the power of the court to refuse relief even in a proper case. Where, however, it appears that with reference to the very question at issue the conduct of the party applying for the writ has been such as to render it inequitable to grant him relief by mandamus, the court may, in the exercise of its discretion, refuse the writ."

In Matter of Waverly, 35 App. Div. 38, 54 N. Y. Supp. 368, affirmed 158 N. Y. 710, 53 N. E. 1133, it was held that a writ of mandamus should be refused to compel a railroad company to lay out a street across its tracks at grade, pursuant to a resolution of the board of trustees of a village, in accordance with chapter 62 of

the Laws of 1853, because subsequent to the adoption of the resolution chapter 754 of the Laws of 1897 took effect, which indicated a policy on the part of the state to avoid grade crossings. The court by Herrick, J., said:

"The remedy by mandamus is not an absolute legal right, but the writ is one that may be granted or refused in the discretion of the court, which discretion should be exercised in accordance with the peculiar circumstances of each case."

In Manley v. Sturgis, N. Y. Law Journal, Oct. 15, 1902, p. 183, O'Gorman, J., in refusing a mandamus for reinstatement to a relator who had been guilty of a criminal conspiracy with an employé of the civil service board, said:

"Apart from the delay, the relator does not come into court with clean hands, and his application as a matter of public policy should be denied. The writ of mandamus is not always demandable as an absolute right. Its issuance is within the discretion of the court; and, where the conduct of the party applying for a mandamus has been such as to render it inequitable to grant the relief sought, the court may, in its discretion, refuse the writ."

The Court of Appeals has carried this principle even to the extent of declining to interfere with the exercise of the discretion of the Supreme Court, using these words:

"The application for the writ is addressed to the sound discretion of the Supreme Court, and, where it appears that the facts are such as to justify the court in refusing the writ as matter of discretion, this court will not interfere unless it affirmatively appears in the order denying the writ that the court did not refuse the writ in the exercise of its discretion. Matter of Hart, 159 N. Y. 284 [54 N. E. 44]; People ex rel. Durant L. I. Co. v. Jeroloman, 139 N. Y. 14 [34 N. E. 726]; People ex rel. Jacobus v. Van Wyck, 157 N. Y. 495 [52 N. E. 559]. It does not appear from the order which is the subject of this appeal that the courts below refused to grant the application for want of power or upon any other question of law. It follows that the case is not reviewable in this court." Per O'Brien, J., with whom all concurred, in People ex rel. Lehmaier v. Interurban Ry. Co., 177 N. Y. 296, 302, 69 N. E. 596.

See, also, People ex rel. McClelland v. Dowling, 55 Barb. 197; Matter of Cullen v. New York Tel. Co., 106 App. Div. 250, 94 N. Y. Supp. 290; In re Dederick, 77 N. Y. 595; Effingham v. Hamilton, 68 Miss. 523, 10 South. 39. As has been well said:

"The writ is employed to promote principles of justice. It should not issue to compel a technical compliance with the letter of the law, in violation of its clear intent or spirit, nor to wrest a statute from its true purpose. Hence the writ will not issue in support of unjust claims, although they may be technically regular." 26 Cyc. 155.

As I read the testimony of the relator himself, voluntarily given before the grand jury, I cannot escape the conclusion that by his own admissions the relator exhibited an utter disregard of his obligation to protect the public interests, and an absolute unfitness for the office which he held, and, although acquitted of the crimes for which he was indicted, his permanent separation from the public service will inure to its benefit. Genuine improvement in our civil service, if not the fundamental principle of common honesty due from public servants towards their employer, would, in my judgment, suffer by the allowance of this writ and the reinstatement of the relator in the

public service, especially in view of the protest of the respondent Connolly, the responsible head of the borough of Queens.

Holding this view, I deem it unnecessary to consider the other questions discussed by counsel in their briefs, which go to the merits of the matter under consideration, preferring to place my decision to refuse the writ as a matter of discretion upon the sole ground that it would be contrary to the public interests to grant it.

The application for a peremptory writ will therefore be denied, with costs. Settle order on notice.