THE PEOPLE OF THE STATE OF NEW YORK ex rel. LELIA P. BRECKENRIDGE, Appellant, *v.* THE VILLAGE OF OCEAN BEACH and Others, Respondents.

*Mandamus — village authorities authorized placing benches along sidewalk for use of public — court will not interfere with judgment of village authorities — benches do not interfere with petitioner's ingress and egress — issue of fact raised by answer — peremptory mandamus order denied.*

Appeal from an order of the Supreme Court, made at the Kings Special Term and entered in the Suffolk county clerk's office on August 31, 1923, denying a motion for a peremptory mandamus order.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice Carswell at Special Term. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

The following is the opinion delivered at Special Term:

CARSWELL, J.: It does not clearly appear that the benches complained of are not a proper street use, nor does it appear that they in fact obstruct the street or boardwalk. The placing of benches upon the public streets for the use and convenience of the public has been accepted as a legitimate street use in cities, towns and villages for centuries. The benches in question are not placed there as a matter of private use in a way that would necessarily interfere with the public user of the boardwalk. The petitioner confuses the presence of an object on a public street for public use with the presence of an object upon the public streets for a private or commercial use, with only incidental public benefits, such as news-stands, etc. The latter, of course, are properly removable by mandamus, but the former are not. The local village officials have, in the exercise of administrative judgment, determined that the presence of these benches does not unreasonably interfere with the use of the boardwalk by pedestrians and that these benches are a convenience to the public and do not represent or constitute a nuisance. The court should not under the circumstances disclosed in this application substitute its judgment for that of the administrative officials with reference to whether or not the benches in question are an obstruction or are a nuisance. The benches do not interfere with the petitioner's egress or ingress as appears from the photo submitted, showing the usual method of access available to the petitioner is at a point considerably distant from where the benches are placed. The

defendant by its answer raises issues of fact, particularly with respect to whether the benches are in fact an obstruction, and with respect to the dimensions of the benches, the boardwalk and the spaces. These denials preclude the granting of the motion. Apart from them the granting of a mandamus order rests in the sound discretion of the court. (*People ex rel. Wood* v. *Assessors, etc.,* 137 N. Y. 201; *People ex rel. Durant L. I. Co.* v. *Jeroloman,* 139 id. 14; *Matter of Burke* v. *Connolly,* 76 Misc. Rep. 337, 342.) Equity does not concern itself with trifles. The motion is denied.