In the Matter of the Application of THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, for a Peremptory Mandamus Order Directing Hon. EDWARD J. FLYNN, as Secretary of the State of New York, Respondent, to Accept and File a Certificate of Increase of Capital Stock of THE NEW YORK CENTRAL RAILROAD COMPANY, Pursuant to Section Thirty-eight of the Stock Corporation Law.

Third Department, June 30, 1931.

*Whalen, Murphy, McNamee & Creble* [*Robert E. Whalen* and *Frank A. McNamee, Jr.,* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Harold P. Burke, Third Assistant Attorney-General,* of counsel], for the respondent.

HINMAN, J.   The appellant, The New York Central Railroad Company, is a railroad corporation which came into existence as a new corporation under that name in 1914, by the filing in several States of a consolidation agreement between several railroad corporations.   The corporations so consolidated were the New York Central and Hudson River Railroad Company, a railroad corporation organized and then existing under the laws of the State of New York, and certain other railroad corporations variously organized and then existing under the laws of one or more of the States of New York, Pennsylvania, Ohio, Indiana, Illinois and Michigan.   The new consolidated corporation was formed pursuant to the laws of the six States.   The consolidation agreement was duly approved by the Public Service Commission of this State and filed in the office of the Secretary of State of New York State and was authorized by sections 140, 141 and 142 of the New York Railroad Law.   The agreement was also approved by the proper authorities in the States of the foreign constituent corporations and was filed in the office of the Secretary of State of each of those States and in various other places as required by law.

The stockholders of the consolidated corporation have authorized a capital stock increase from $500,000,000 to $700,000,000, and certificates of said increase have been filed with the Secretaries of State of Ohio, Indiana, Illinois, Pennsylvania and Michigan.   On

March 4, 1930, a certificate of said increase was presented to the Secretary of State of New York for filing and therewith was tendered the statutory filing fee of twenty dollars. The Secretary of State refused to file the same and returned it to the appellant upon the ground that the appellant had failed to pay a tax of one-twentieth of one per cent ($100,000) upon the increase of capital stock pursuant to section 180 of the Tax Law.

This proceeding was brought by the appellant to secure a peremptory mandamus order directing the Secretary of State to accept and file the said certificate of increase without the payment of the said tax, claiming that it was not a " corporation incorporated under any law of this State " within the meaning of said section 180 of the Tax Law and, therefore, not amenable to the tax. The Special Term has denied the application and this appeal is taken from the final order denying the same.

Section 180 of the Tax Law (as amd. by Laws of 1923, chap. 794) provides: " Organization tax; taxes on changes of capital. 1. Every stock corporation incorporated under any law of this State shall pay a tax of one-twentieth of one per centum upon the amount of the par value of all the shares with a par value which it is authorized to issue and a tax of five cents on each share without a par value which it is authorized to issue, and a like tax upon any subsequent increase thereof. * * *."

Chapter 143 of the Laws of 1886, section 1, the substance of which has been carried forward, with immaterial amendments, into section 180 of the Tax Law, provided as follows: " Every corporation, joint-stock company or association incorporated by or under any general or special law of this State, having capital stock divided into shares, shall pay to the State Treasurer, for the use of the State, a tax of one-eighth of one per centum upon the amount of capital stock which said corporation, joint-stock company or association is authorized to have, and a like tax upon any subsequent increase thereof. * * *."

*People* v. *N. Y., C. & St. L. R. R. Co.* (129 N. Y. 474), familiarly known as the *Nickel Plate* case, was an action to recover an organization tax under said section 1 of chapter 143 of the Laws of 1886, brought against a consolidated railroad corporation where the constituent railroad corporations had been organized and existing under the laws of New York, Pennsylvania, Ohio and Indiana, respectively. In that case the decision depended upon the question whether the defendant was, within the meaning of chapter 143 of the Laws of 1886, a corporation " incorporated by or under any general or special law of this State." Though the court was there dealing with the organization of the newly consolidated cor-

poration, we think the negative answer must be equally applicable to " any subsequent increase " in capital stock. The tax laid in either case was upon the same basis, to wit, only upon a " corporation * * * incorporated by or under any general or special law of this State." The holding seems clearly to have been that in the case of such a consolidated corporation there did not come into existence a corporation incorporated under a general or special law of this State, but rather a corporation which owed " its existence not to the State of New York alone, but to the States of New York, Pennsylvania, Ohio and Indiana." Concurrent legislation of the other States was essential to the completion of the consolidation. If the new corporation was not incorporated under the law of this State for the purpose of an organization tax, it was not taxable for an increase of capital stock.

The present phraseology of section 180 of the Tax Law, " Every stock corporation incorporated under any law of this State," requires no different construction. It is not a matter of exemption from taxation, as urged by the respondent. The tax in question is not a general but a special tax. In such cases doubt, if any, as to the legislative intent to impose the tax upon a special class is ordinarily resolved in favor of the taxpayer. (*Matter of Enston*, 113 N. Y. 174, 177; *Matter of Mergentime*, 129 App. Div. 367, 373; affd., 195 N. Y. 572.) Clearly it was within the power of the Legislature to impose a tax on the privilege of consolidating domestic and foreign corporations (*People* v. *N. Y., C. & St. L. R. R. Co.*, *supra*, 480) and a like tax on subsequent capital stock increases, but the law has not been changed since the decision in the *Nickel Plate* case resolved the doubt in favor of this class of taxpayer. It is true that each State treats such a consolidated corporation within its own territory as a domestic corporation. (*Matter of Sage*, 70 N. Y. 220, 222; *Matter of Cooley*, 186 id. 220, 224.) It is treated as a domestic corporation in each State in reference to the laws of that State relating to its conduct there. (*Venner* v. *N. Y. C. & H. R. R. R. Co.*, 177 App. Div. 296, 346; affd., 226 N. Y. 583.) As such domestic railroad corporation it may obtain the consent of the State of New York to increase its capital stock under section 8-a of the Railroad Law (added by Laws of 1924, chap. 394), even though not taxable under the clear warrant of section 180 of the Tax Law as required in the case of such a special tax.

The order should be reversed and the peremptory mandamus order granted.

All concur.

Order reversed on the law, without costs, and peremptory mandamus order granted, without costs.