In the Matter of JEROME MINSKOFF, Petitioner, against STOCKING BAR, INC., et al., Respondents.

Supreme Court, Special Term, New York County, March 31, 1948.

*Blumberg, Singer & Aberman* for petitioner.

*Max Zucker* for respondents.

EDER, J.   Motion is denied, and petition is dismissed.   This is an application by the petitioner, under article 78 of the Civil Practice Act, for a peremptory order in the nature of mandamus, directed to the respondents to permit petitioner to inspect the books and records of the Stocking Bar, Inc., a domestic corporation.

Petitioner alleges that he is now and was at all times since its organization in 1945, a director of said corporation.

It appears that since the institution of this proceeding, and before the return day of the order to show cause, the annual election of the stockholders of the corporation was held on March 25, 1948, pursuant to notice in writing, duly served upon all the stockholders of record of the corporation, and that a new board of directors of the corporation was elected and that the petitioner herein was not re-elected a director of the corporation and is no longer such, and respondents therefore contend that petitioner is without standing to continue or further maintain this proceeding and that the motion should be denied and the petition dismissed.

Petitioner answers this by making the following contention: " I was a duly elected director of this corporation on the date this proceeding was instituted and will still be a director of this corporation in spite of any ' rump ' meetings held by alleged holders of stock issued in violation of a stockholders' agreement. I will be a director of this corporation until such time as the

stock interest of Ruth Huston votes to oust me as a director.''

The contention of respondents is supported by authoritative ruling. A similar question was presented and passed upon in *Matter of Hafter* v. *Eagle Fish Co.*, 67 N. Y. S. 2d 745, affd. 270 App. Div. 995, affd. 296 N. Y. 808), where COHALAN, J., said (p. 746): '' Petitioner, claiming to be a director of respondent corporations * * * seeks an order permitting inspection of their books, records, etc. It appears he is no longer a director and that his successor was elected. In a separate proceeding (67 N. Y. S. 2d 746) he seeks to annul the election. Until he succeeds, he remains no longer a director and hence may not maintain this proceeding; his right to inspection exists only while he possesses the status of a director. *Wilkins* v. *M. Ascher Silk Corporation*, 207 App. Div. 168, 201 N. Y. S. 739; *People ex rel. Berkeley* v. *New York Casualty Co.*, 34 Misc. 326, 69 N. Y. S. 775. Petitioner's motion denied.''

In view of this ruling, which is decisive of the point involved, it follows that the motion must be denied and the petition dismissed. Settle order.